ANDERSON, APPELLEE AND CROSS-APPELLANT, *v.* CECCARDI, APPELLANT
AND CROSS-APPELLEE.

[Cite as Anderson *v.* Ceccardi (1983), 6 Ohio St. 3d 110.]

(No. 82-1268—Decided August 3, 1983.)

*Gallon, Kalniz & Iorio Co., L.P.A.*, and *Mr. David Zoll*, for appellee.
*Messrs. Manahan, Pietrykowski & Bamman* and *Mr. Stephen F. Ahern*, for appellant.

SWEENEY, J.

I

On cross-appeal, Anderson argues that the doctrine of implied assumption of risk should be merged with contributory negligence for the purposes of apportionment of fault under R.C. 2315.19, the comparative negligence statute.[1] It is the cross-appellant's contention that since the comparative

---

[1] R.C. 2315.19 reads as follows:

"(A)(1) In negligence actions, the contributory negligence of a person does not bar the person or his legal representative from recovering damages that have directly and proximately resulted from the negligence of one or more other persons, if the contributory negligence of the person bringing the action was no greater than the combined negligence of all other persons from whom recovery is sought. However, any damages recoverable by the person bringing the action shall be diminished by an amount that is proportionately equal to his percentage of negligence, which percentage is determined pursuant to division (B) of this section. This section does not apply to actions described in section 4113.03 of the Revised Code.

"(2) If recovery for damages determined to be directly and proximately caused by the negligence of more than one person is allowed under division (A)(1) of this section, each person against whom recovery is allowed is liable to the person bringing the action for a portion of the total damages allowed under that division. The portion of damages for which each person is liable is calculated by multiplying the total damages allowed by a fraction in which the numerator is the person's percentage of negligence, which percentage is determined pursuant to division (B) of this section, and the denominator is the total of the percentages of negligence, which percentages are determined pursuant to division (B) of this section to be attributable to all persons from whom recovery is allowed. Any percentage of negligence attributable to the person bringing the action shall not be included in the total of percentages of negligence that is the denominator in the fraction.

"(B) In any negligence action in which contributory negligence is asserted as a defense, the court in a nonjury trial shall make findings of fact, and the jury in a jury trial shall return a general verdict accompanied by answers to interrogatories, that shall specify:

negligence statute is silent with respect to assumption of risk, and that since implied assumption of risk is indistinguishable from contributory negligence, the doctrine of assumption of risk should be recognized as a phase of contributory negligence under R.C. 2315.19.

In response, cross-appellee Ceccardi contends that Ohio has always distinguished the doctrine of assumption of risk from contributory negligence. Furthermore, the cross-appellee asserts that the defense of assumption of risk remains as a total bar to recovery in an action in negligence despite the enactment of the Ohio comparative negligence statute.

In prior cases, this court has described the defense of assumption of risk as follows: " '* * * (1) consent or acquiescence in (2) an appreciated or known (3) risk * * *. The practicalities of proof require that the defense of assumption of the risk also be applicable where the risk is so obvious that plaintiff must have known and appreciated it.' " *Benjamin* v. *Deffet Rentals* (1981), 66 Ohio St. 2d 86, 89 [20 O.O.3d 71]; *Wever* v. *Hicks* (1967), 11 Ohio St. 2d 230, 234 [40 O.O.2d 203]. See, also, *Briere* v. *Lathrop Co.* (1970), 22 Ohio St. 2d 166 [51 O.O.2d 232].

Until today, Ohio law has consistently recognized a distinction between assumption of risk and contributory negligence. See, *e.g., Masters* v. *New York Central RR. Co.* (1947), 147 Ohio St. 293 [34 O.O. 223]; *Porter* v. *Toledo Terminal RR. Co.* (1950), 152 Ohio St. 463 [40 O.O. 485]; *Morris* v. *Cleveland Hockey Club* (1952), 157 Ohio St. 225 [47 O.O. 147]; *Centrello* v. *Basky* (1955), 164 Ohio St. 41 [57 O.O. 77]; *Wever, supra; DeAmiches* v. *Popczun* (1973), 35 Ohio St. 2d 180 [64 O.O.2d 106]; *Benjamin, supra.* In *Wever,* this court specifically rejected an argument "that the defense of assumption of the risk is not conceptually different from the defense of contributory negligence." *Id.* at 232.

Although this court distinguished the defenses of assumption of risk and contributory negligence, it was also recognized in the above cases that in many instances the doctrines overlap and that both defenses may exist under the same facts. As first stated in *Masters* v. *New York Central RR. Co., supra,* at 301:

---

"(1) The total amount of damages that would have been recoverable by the complainant but for his negligence;

"(2) The percentage of negligence that directly and proximately caused the injury, in relation to one hundred per cent, that is attributable to each party to the action.

"(C) After the court makes its findings of fact or after the jury returns its general verdict accompanied by answers to interrogatories, the court shall diminish the total amount of damages recoverable by an amount that is proportionately equal to the percentage of negligence of the person bringing the action, which percentage is determined pursuant to division (B) of this section. If the percentage of the negligence of the person bringing the action is greater than the total of the percentages of the negligence of all other persons from whom recovery is sought, which percentages are determined pursuant to division (B) of this section, the court shall enter a judgment for the persons against whom recovery is sought."

"Incidentally,' there are situations where the defenses of assumption of risk and contributory negligence will overlap. The plaintiff's conduct in accepting the risk may itself be unreasonable, because the danger is out of all proportion to the interest which he is seeking to advance * * *. In all such cases, both defenses are available to the defendant. * * * In working out the distinction, the courts have arrived at the conclusion that assumption of risk is a matter of knowledge of the danger and intelligent acquiescence in it, and that to the extent that this can be found recovery will be denied; while contributory negligence is a matter of some fault or departure from the standard of reasonable conduct, however unwilling or protesting the plaintiff may be. * * * The two may coexist, or either may exist without the other. * * *' " (Citations omitted.)

Under the prior cases, the overlap in these doctrines posed no problems because in practice it did not matter whether the plaintiff's conduct was denominated as assumption of risk or contributory negligence, since both stood as absolute bars to a plaintiff's recovery. However, now, under R.C. 2315.19, if a plaintiff's conduct constitutes both contributory negligence and assumption of risk, continued adherence to the differentiation of the doctrines can lead to the anomalous situation where a defendant can circumvent the comparative negligence statute entirely by asserting the assumption of risk defense alone. We do not believe that the General Assembly intended such a result in its enactment of R.C. 2315.19, and for this reason, we must revise our prior pronouncements on the doctrine of assumption of risk in view of this statute.

This court has recognized the need to reevaluate the application of the defense of assumption of risk in light of the comparative negligence statute, see *Benjamin, supra,* at page 90, footnote 5; however, considerations of ripeness, among other things, prevented us from reaching the issue at that time. Now, with the issue squarely in front of us, we hold that the defense of assumption of risk is merged with the defense of contributory negligence under R.C. 2315.19. The conduct previously considered as assumption of risk by the plaintiff shall be considered by the trier of the fact under the phrase "contributory negligence of the person bringing the action" under R.C. 2315.19, and the negligence of all parties shall be apportioned by the court or jury pursuant to that statute.

Our holding in this respect is in accord with the well-reasoned approach in other jurisdictions which have merged assumption of risk and contributory negligence after adoption of a comparative negligence statute which was silent on the defense of assumption of risk. See *McConville* v. *State Farm Mut. Auto. Ins. Co.* (1962), 15 Wis. 2d 374, 113 N.W. 2d 14; *Colson* v. *Rule* (1962), 15 Wis. 2d 387, 113 N.W. 2d 21; *Gilson* v. *Drees Bros.* (1963), 19 Wis. 2d 252, 120 N.W. 2d 63; *Springrose* v. *Willmore* (1971), 292 Minn. 23, 192 N.W. 2d 826; *Lyons* v. *Redding Construction Co.* (1973), 83 Wash. 2d 86, 515 P. 2d 821; *Farley* v. *M M Cattle Co.* (Tex. 1975), 529 S.W. 2d 751; *Wilson* v. *Gordon* (Me. 1976), 354 A. 2d 398; *Wentz* v. *Deseth* (N.D. 1974), 221 N.W. 2d

101; *Brittain* v. *Booth* (Wyo. 1979), 601 P. 2d 532; *Sunday* v. *Stratton Corp.* (1978), 136 Vt. 293, 390 A. 2d 398; *Green* v. *Sherburne Corp.* (1979), 137 Vt. 310, 403 A. 2d 278; *Kopischke* v. *First Continental Corp.* (Mont. 1980), 610 P. 2d 668.

In addition, two jurisdictions which judicially adopted comparative negligence, also judicially merged assumption of the risk with contributory negligence. *Li* v. *Yellow Cab Co.* (1975), 13 Cal. 3d 804, 119 Cal. Rptr. 858, 532 P. 2d 1226; *Blackburn* v. *Dorta* (Fla. 1977), 348 So. 2d 287.

The foregoing merger of assumption of risk with contributory negligence is not intended to merge that category of assumption of risk known as "express" assumption of risk. Express assumption of risk would arise where a person expressly contracts with another not to sue for any future injuries which may be caused by that person's negligence. This view is in accord with the decisions of other jurisdictions which have merged assumption of risk with contributory negligence. See *Gilson, supra; Springrose, supra; Lyons, supra.*[2]

Additionally, our merger of the two doctrines is not intended to merge that type of assumption of risk defined as "primary assumption of risk,"[3] which concerns cases where there is a lack of duty owed by the defendant to the plaintiff. This type of assumption of risk is typified by the baseball cases where a plaintiff is injured when a baseball is hit into the stands. This standard was stated in dicta in the case of *Cincinnati Base Ball Club Co.* v. *Eno* (1925), 112 Ohio St. 175, 180-181, as follows:

"The consensus of * * * opinions is to the effect that it is common knowledge that in baseball games hard balls are thrown and batted with great swiftness, that they are liable to be thrown or batted outside the lines of the diamond, and that spectators in positions which may be reached by such balls assume the risk thereof."[4]

## II

With respect to the issue of whether the grant of summary judgment in favor of the landlord Ceccardi was proper, we hold that summary judgment here was improper, and thus, we affirm the court of appeals.

In *Shroades* v. *Rental Homes* (1981), 68 Ohio St. 2d 20, 25-26 [22 O.O.3d 152], this court stated that "R.C. 5321.04 imposes duties on the landlord to make repairs and do whatever is necessary to put and keep the premises in a fit and habitable condition. * * * A violation of a statute which sets forth specific duties constitutes negligence *per se.* * * * However, in addition to negligence *per se,* proximate cause for the injuries sustained must be established. * * * Also it must be shown that the landlord received notice of

---

[2] See Brant, A Practitioner's Guide to Comparative Negligence in Ohio (1980), 41 Ohio St. L.J. 585, 609.

[3] See, Schwartz, Comparative Negligence (1974) 158, Section 9.1.

[4] See, also, Prosser, Law of Torts (4 Ed. 1971) 446, Section 68.

the defective condition of the rental premises, that the landlord knew of the defect, or that the tenant had made reasonable, but unsuccessful, attempts to notify the landlord." (Citations omitted.)[5]

We agree with the court of appeals that a factual question exists for the jury concerning the cause of the injury. This means that a determination must be made as to whether the tenant's act of using the stairs broke the causal connection between the landlord's negligence *per se* and the injury sustained. This determination depends upon whether the intervening act of the tenant was reasonably foreseeable to the landlord.

In view of our holding that the defense of assumption of risk merges with the defense of contributory negligence under R.C. 2315.19, we further hold that in an action for personal injuries to a tenant proximately caused by a violation of a landlord's statutory duty under R.C. 5321.04, the landlord is negligent *per se,* and assumption of risk is not available as an absolute bar to a tenant's claim for recovery.

Based on the foregoing, we reverse the appellate court's determination that the defenses of contributory negligence and assumption of risk do not merge under the comparative negligence statute, R.C. 2315.19. We affirm the court of appeals in reversing the summary judgment of the trial court, in that factual issues exist regarding causation and reasonable foreseeability, and that the landlord's defense of assumption of risk does not bar a tenant's claim for recovery, and we remand the cause for further proceedings consistent with this opinion.

---

[5] R.C. 5321.04 provides in part:

"(A) A landlord who is a party to a rental agreement shall:

"(1) Comply with the requirements of all applicable building, housing, health, and safety codes which materially affect health and safety;

"(2) Make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition;

"(3) Keep all common areas of the premises in a safe and sanitary condition;

"(4) Maintain in good and safe working order and condition all electrical, plumbing, sanitary, heating, ventilating, and air conditioning fixtures and appliances, and elevators, supplied or required to be supplied by him;

"(5) When he is a party to any rental agreements that cover four or more dwelling units in the same structure, provide and maintain appropriate receptacles for the removal of ashes, garbage, rubbish, and other waste incidental to the occupancy of the dwelling unit, and arrange for their removal.

"(6) Supply running water, reasonable amounts of hot water and reasonable heat at all times, except where the building that includes the dwelling unit is not required by law to be equipped for that purpose, or the dwelling unit is so constructed that heat or hot water is generated by an installation within the exclusive control of the tenant and supplied by a direct public utility connection;

"(7) Not abuse the right of access conferred by division (B) of section 5321.05 of the Revised Code;

"(8) Except in the case of emergency or if it is impracticable to do so, give the tenant reasonable notice of his intent to enter and enter only at reasonable times. Twenty-four hours is presumed to be a reasonable notice in the absence of evidence to the contrary."

*Judgment reversed in part and affirmed in part.*

CELEBREZZE, C.J., W. BROWN, C. BROWN and J. P. CELEBREZZE, JJ., concur.

LOCHER and HOLMES, JJ., dissent.

HOLMES, J., dissenting. I am in agreement with the court of appeals that the recently enacted comparative negligence statute, R.C. 2315.19, does not specifically, nor by implication, merge the affirmative defense of assumption of the risk into such comparative negligence law as it specifically does so merge contributory negligence.

Historically, it has been recognized in Ohio, as elsewhere, that the doctrines of contributory negligence and assumption of the risk are *not* synonymous. See *DeAmiches* v. *Popczun* (1973), 35 Ohio St. 2d 180 [64 O.O.2d 106]; *Dunn* v. *Higgins* (1968), 14 Ohio St. 2d 239 [43 O.O.2d 368]; *Porter* v. *Toledo Terminal RR. Co.* (1950), 152 Ohio St. 463 [40 O.O. 485]; *Masters* v. *New York Central RR. Co.* (1947), 147 Ohio St. 293 [34 O.O. 223].

Each doctrine is a separately pleaded affirmative defense, and each has its own legal characteristics. As defined in Ohio, assumption of the risk requires three elements: "One must have full knowledge of a condition, such condition must be patently dangerous to him; and he must voluntarily expose himself to the hazard." *Briere* v. *Lathrop Co.* (1970), 22 Ohio St. 2d 166, 174-175 [51 O.O.2d 232]. Contributory negligence, however, has been defined as a departure from the standard of reasonable care regardless of how unwilling and protesting the plaintiff may be. *DeAmiches* v. *Popczun; Dunn* v. *Higgins; Masters* v. *New York Central RR. Co., supra.*

In view of the distinction between the two concepts, the decisions have recognized that assumption of the risk is based on venturousness and requires a subjective standard for evaluation while contributory negligence is based on carelessness and is objectively evaluated. *DeAmiches* v. *Popczun, supra.* Furthermore, it has been recognized that the defenses are not mutually exclusive but both may be asserted in the same litigation. *DeAmiches* v. *Popczun; Dunn* v. *Higgins; Wever* v. *Hicks* (1967), 11 Ohio St. 2d 230 [40 O.O.2d 203]; and *Masters* v. *New York Central RR. Co., supra.*

R.C. 2315.19, being in abrogation of common law, must be strictly construed, and because that statute refers only to the defense of contributory negligence the argument for merger of the defense of assumption of the risk is without legislative or statutory support.

The preamble of this statute gives ample testimony to the specific legislative intent in the enactment of such new law, and provides:

"To enact section 2315.19 of the Revised Code to substitute a form of comparative negligence for the common law doctrine of contributory negligence in the determination of the right of recovery and amount of damages in negligence actions." (Am. S.B. No. 165, 138 Ohio Laws, Part ——, ——.)

As to precedents in other states, continued recognition of the doctrine of assumption of the risk has been given where statutory comparative negligence has been adopted. We may look for precedent to the states of Rhode Island, Nebraska, South Dakota and Arkansas, which have retained the doctrine of implied assumption of the risk as an absolute bar to a plaintiff's claim in negligence despite the enactment of comparative negligence statutes in their jurisdictions. *McPherson* v. *Sunset Speedway, Inc.* (C.A. 8, 1979), 594 F. 2d 711 (applying Nebraska law); *Capps* v. *Mc-Carley & Co.* (1976), 260 Ark. 839, 544 S.W. 2d 850; *Blum* v. *Brichacek* (1974), 191 Neb. 457, 215 N.W. 2d 888; *Kennedy* v. *Providence Hockey Club, Inc.* (1977), 119 R.I. 70, 376 A. 2d 329; *Myers* v. *Lennox Co-op Assn.* (S.D. 1981), 307 N.W. 2d 863; *Bartlett* v. *Gregg* (1958), 77 S.D. 406, 92 N.W. 2d 654. In these jurisdictions, the two defenses are treated as separate and independent, which historically has been the case in Ohio.

The question of merger was extensively discussed in *Kennedy* v. *Providence Hockey Club, Inc., supra,* where the court specifically rejected the argument that assumption of the risk is merely a variant of contributory fault, as follows at pages 76-77:

"In our understanding, then, contributory negligence and assumption of the risk do not overlap; the key difference is, of course, the exercise of one's free will in encountering the risk. Negligence analysis, couched in reasonable man hypotheses, has no place in the assumption of the risk framework. When one acts knowingly, it is immaterial whether he acts reasonably. The postulate, then, that assumption of the risk is merely a variant of contributory fault, is not, to our minds, persuasive."

*Kennedy* v. *Providence Hockey Club, Inc.,* at page 76, set forth quite clearly the different policies behind the respective doctrines of defense, as follows:

"As we have defined assumption of the risk, the concern is with *knowingly* encountering the danger. This is to be contrasted with *negligently* encountering a risk in falling victim, at one time in our legal history, to the defense of contributory negligence. It seems to us one who 'sees, knows, understands and appreciates' what he is doing, *D'Andrea* v. *Sears, Roebuck & Co., supra* [(1972), 109 R.I. 479, 287 A.2d 629], is worlds apart from one who unwittingly and unsuspectingly falls prey to another's negligence. In the former instance the plaintiff can be said to have consented to the possibility of harm, whereas in the latter situation he has failed to assess accurately his situation and the ramifications of his own action."

I am in agreement with the Rhode Island Supreme Court's assessment that these defenses are independent, distinct, and based upon conceptually different grounds. As stated, they have been historically held to be so, and the legislature, in the enactment of the comparative negligence statute, intended that they remain so.

It is my position, unlike the majority here, that the defense of assumption of the risk remains available to a landlord in an action against him for personal injuries allegedly resulting from a breach of his obligations under the

Landlords and Tenants Act of 1974. Absolutely nothing should be read into that Act which would abrogate or deny a landlord his common-law defenses.

Applying the doctrine of assumption of the risk to the facts of this case, the plaintiff should be barred from recovery from this landlord. The record shows that there were three separate entrances to the dwelling: the front, side and back. Of these three separate means of ingress and egress to the dwelling, Anderson testified that only the front entrance was in an unsafe condition. One of the steps of the front entrance to the dwelling, according to Anderson's deposition, originally had a small hole in it. The hole became larger, ultimately reaching approximately eighteen inches in length. Anderson testified that he repeatedly complained of the unsafe condition, felt that the step was unsafe, and further admitted that it was sufficiently unsafe that he was rather concerned about it.

Anderson continued to use the front steps to the premises despite the availability of two other means of ingress and egress to the building. Ultimately, the very step as to which he testified he had complained of and understood to be unsafe gave way underneath him. Anderson further deposed that the same unsafe condition he had previously complained of to the appellant was the cause of his fall in September 1980, upon which this action is based.

I submit that the deposition testimony of the appellee conclusively demonstrates that he voluntarily exposed himself to a known and appreciated risk. In his own deposition testimony he had actual knowledge of the particularly unsafe condition which caused his injuries. He appreciated the risk as he was personally concerned about his safety.

Accordingly, I would reverse the judgment of the court of appeals.

LOCHER, J., concurs in the foregoing dissenting opinion.