PHILLABAUM, APPELLANT, *v.* KIDD, APPELLEE.

(No. 8949—Decided April 25, 1985.)

*David A. Chicarelli,* for appellant.
*Young & Alexander Co., L.P.A., Joseph B. Miller* and *Anthony R. Kidd,* for appellee.

BROGAN, P.J. This appeal originated in the Court of Common Pleas of Montgomery County. Plaintiff Janice Phillabaum filed a negligence action against defendant Mark Kidd for injuries suffered as a result of a domestic dispute. The matter was tried to a jury, the latter rendering a verdict finding plaintiff sixty percent negligent and defendant forty percent negligent; defendant was thereby absolved of any liability under the comparative negligence statute, R.C. 2315.19. Plaintiff moved, under Civ. R. 50(B), for judgment notwithstanding the verdict, or, in the alternative, for a new trial. The Civ. R. 50(B) motion alleged, *inter alia,* that the trial court erred by instructing the jury on the defense of assumption of the risk. Plaintiff's motion was overruled and this appeal followed.

Appellant assigns the following as error:

"1. Whether, in light of the Supreme Court decision of *Anderson* v. *Ceccardi* [ (1983), 6 Ohio St. 3d 110], it was error to instruct the jury on assumption of the risk as a separate affirmative defense.

"2. Whether, assuming the concept of assumption of the risk maintains some separate existence following *Anderson,* it was error for the trial court not to cast assumption of risk in terms of negligence principles."

A review of the trial court's jury instructions indicates that, in addition to the comparative negligence charge, the jury was also instructed on the affirmative defenses of assumption of the risk and contributory negligence. Appellant claims *Anderson* v. *Ceccardi* (1983), 6 Ohio St. 3d 110, which merged assumption of the risk into contributory negligence under the comparative negligence statute, renders a charge on assumption

of the risk prejudicial error. Appellee argues that the instructions as a whole properly stated the law with respect to comparative negligence.

R.C. 2315.19 expressly eliminates the complete defense of contributory negligence in ordinary negligence actions. The statute is silent on the defense of assumption of the risk. In *Anderson, supra,* at 112, the court noted that in the past Ohio had recognized a distinction between contributory negligence and assumption of the risk. Nonetheless, the court reasoned the legislature did not intend to allow assumption of the risk to exist independently as a complete bar and, therefore, merged it into contributory negligence. *Id.* at 113. The issue of whether a trial court may never again utter the words "assumption of the risk" during the course of its instructions was not addressed.[1] *Anderson* stated, however, that:

"* * * The conduct previously considered as assumption of [the] risk by the plaintiff shall be considered by the trier of the fact under the phrase 'contributory negligence of the person bringing the action' under R.C. 2315.19, and the negligence of all parties shall be apportioned by the court or jury pursuant to that statute." *Id.* at 113.

In light of the above statement, we find it error to have instructed the jury on the affirmative defense of assumption of the risk. See *Emmel* v. *Dayton Power & Light Co.* (Apr. 10, 1984), Miami App. No. 83-CA-9, unreported (under the circumstances, and in light of *Anderson* v. *Ceccardi,* instruction on assumption of risk error). We further conclude, however, upon a review of the entire record that the error was not prejudicial.

The facts indicate that defendant's ex-wife and daughter were residing with plaintiff (the ex-wife's mother). On a Friday evening in September 1982, defendant and his mother arrived at plaintiff's home. It was defendant's weekend to have his daughter. Defendant left his mother in the car, went to the house, picked up his daughter and proceeded back to his car. Pam Kidd, defendant's ex-wife, followed him to the car and an argument ensued. Plaintiff, inside the house lying on the couch, heard the argument and went outside to investigate. Plaintiff testified that she took the child by the shoulders and pulled her away from defendant. She further stated that she suggested the combatants resort to the judicial process to settle their differences. Defendant replied that plaintiff should mind her own business and further reminded her she was not a member of the bar. The events that followed are largely in dispute.

According to plaintiff, defendant jumped into his car and "peeled out of the parking lot." In the process, defendant's car fishtailed toward plaintiff, ran over her toes and propelled her into the air and out onto the street.

On the other hand, defendant claims that after exchanging words with plaintiff, he got into his car and began to leave the parking lot. He was unable to close his door as his ex-wife Pam and plaintiff were standing between him and his open door. Defendant testified that he was being struck by Pam as the car moved toward the street, but he did not actually see plaintiff hit him. As he reached the street and began to turn right, he noticed plaintiff was no longer next to his daughter. At this point, defendant began down the street. Pam put both feet in the car and held on to the car door with her hands. Some fifty to one-hundred feet down the street, defendant stopped and Pam ran back to assist her mother.

---

[1] Assumption of the risk for purposes of this appeal does not include express and primary assumption of the risk. See *Anderson, supra,* at 114.

Both parties presented witnesses to corroborate their version of the facts: plaintiff presented her son and her daughter Pam; defendant called his mother. The only seemingly neutral witness, Chris Gentry, corroborated in part both defendant and plaintiff's case. Thus, the outcome of the case became a test of credibility.

We have carefully examined the trial court's instructions; and, in spite of the charge on assumption of the risk, we are of the opinion that the instructions as a whole fairly apprised the jury of the law. As we indicated above, the jury's verdict was largely a matter of whom they chose to believe. It is unlikely that the jury instructions resulted in prejudicial error; accordingly, the judgment is hereby affirmed.

*Judgment affirmed.*

KERNS and WILSON, JJ., concur.