**WILLIAMS, Appellant,**

v.

**ASSOCIATED ESTATES CORPORATION, Appellee.**

[Cite as *Williams v. Associated Estates Corp.* (1997), 119 Ohio App.3d 558.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 71430.

Decided May 12, 1997.

*Irl D. Rubin,* for appellant.

*Laurel E. Letts,* for appellee.

*Per Curiam.*

An accelerated appeal is authorized pursuant to App.R. 11.1 and Loc.App.R. 25. The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusionary decision. *Crawford v. Eastland Shopping Mall Assn.* (1983), 11 Ohio App.3d 158, 11 OBR 240, 463 N.E.2d 655; App.R. 11.1(E).

Plaintiff-appellant Ruby Williams appeals from the trial court's order granting the motion for summary judgment of defendant-appellee Associated Estates Corporation. Williams, a tenant of the appellee's property known as the Euclid House Apartments located at 25400 Euclid Avenue, Euclid, Ohio, was injured when she slipped and fell on grease near the elevator in the apartment building.

The essential facts are not in dispute. The appellant was a tenant in a basement apartment and although there was another exit, Williams was in the habit of taking the elevator up to the main floor to leave the building. In order to enter the elevator, the tenants had to descend three or four carpeted steps and cross the tile floor.

On October 22, 1993, the appellant left her apartment and proceeded to the area of the elevator. Williams observed two "wet floor" signs, one at the top of the steps and one at the bottom of the steps. She testified that she was aware that these signs meant that caution was to be used and that there must be some unusual situation. Williams testified that she observed grease on the stairs, that the tile floor did not look wet but was shiny as usual, and that when she stepped onto the tile floor she slipped and fell.

It is also uncontroverted that the landlord knew of the grease spill, that the custodian was directed to clean the spill, that the custodian began to clean the area but needed more supplies, and that the custodian placed the "wet floor" signs.

The appellant asserts one assignment of error:

"The trial judge erred in granting the appellee's motion for summary judgment."

The appellant argues that the trial court erred in granting the appellee's motion for summary judgment because the landlord breached its statutory duty to keep all common areas of the premises in a safe and sanitary condition. R.C. 5321.04(A)(3). The appellee does not contest this statement of the law, but argues that the danger was open and obvious and that a landlord is not an insurer of a tenant's safety.

A landlord is liable for injuries sustained on the demised premises that are proximately caused by the landlord's failure to fulfill the duties imposed by

R.C. 5321.04. *Shroades v. Rental Homes, Inc.* (1981), 68 Ohio St.2d 20, 22 O.O.3d 152, 427 N.E.2d 774, syllabus. The Supreme Court has also held that in an action for personal injuries to a tenant proximately caused by a violation of a landlord's statutory duty under R.C. 5321.04, the landlord is negligent *per se. Anderson v. Ceccardi* (1983), 6 Ohio St.3d 110, 6 OBR 170, 451 N.E.2d 780.

All of the evidence indicates that both the landlord and the appellant knew of the grease spill. The landlord was in the process of ensuring that all necessary steps were taken to correct the hazard. The custodian had taken the appropriate and reasonable precaution of placing "wet floor" signs for all to see so that injuries might be avoided while he obtained more supplies. The appellant admits not only that she observed the signs, and knew caution should be used, but that she in fact observed the grease on the carpet. Despite her knowledge of the hazard, the appellant argues that the appellee somehow failed in its duty to protect her from harm. We find the appellant's logic flawed.

The appellant has failed to cite even one case that holds that a landlord is liable for injuries sustained by a tenant while necessary and reasonable steps are being taken to fulfill the statutory obligation to clear a hazardous condition.

The appellant's assignment of error is overruled.

*Judgment affirmed.*

JAMES D. SWEENEY, C.J., PATTON and ROCCO, JJ., concur.