**Dale HANSON, et al., Plaintiffs,**

v.

**FLYING J. TRAVEL PLAZA, Defendant.**

**No. 3:00CV7418.**

United States District Court, N.D. Ohio, Western Division.

March 12, 2001.

Pamela A. Borgess, Zoll & Kranz, Toledo, OH, Michelle L. Kranz, Zoll & Kranz LLC, Toledo, OH, David W. Zoll, Zoll & Kranz LLC, Toledo, OH, for Plaintiffs.

Kent D. Riesen, Anspach & Serraino, Toledo, OH, for Defendant.

## ORDER

CARR, District Judge.

This is a negligence action in which plaintiff Dale Hanson seeks damages for injuries sustained when he fell at defendant's place of business. This court has jurisdiction pursuant to 28 U.S.C. § 1332. Pending is defendant's motion for summary judgment. For the following reasons, defendant's motion shall be granted.

### Background

On the morning of Monday, February 8, 1999, plaintiff pulled into one of defendant's diesel fueling stations in Perrysburg, Ohio. Plaintiff needed to re-fuel his semi-truck. Plaintiff was certified as a truck driver in 1995, and has been driving for his present employer, Taylor Truck Lines, since July or August of 1998.

When plaintiff entered the travel plaza, he noticed diesel fuel spilled on the ground in the stall that he started to pull into for fueling. He waited for another truck to finish fueling and then pulled into another stall because it had less diesel fuel on the ground. (Doc. 19 at 31). Plaintiff got out of his truck after he pulled into the fuel stall, or island, and said to an attendant that the "place was a mess" and asked why defendant did not have sand or something on the ground for the fuel spills. (*Id.* at 35).

Plaintiff then walked around his truck to put hoses in the passenger and driver side fuel tanks, and observed that the ground was "very slippery." (*Id.* at 40). During the time plaintiff was in the stall at the travel plaza, he had on a pair of shoes he only wears while fueling his truck. These shoes have a rubber, "waffle iron type sole" that plaintiff wears around the pumps because he thinks they provide better traction in the slippery conditions that often surround diesel fuel pumps. (*Id.* at 55–57). Plaintiff's routine practice after re-fueling his truck is to change back into tennis shoes and place the rubber soled shoes in a box he keeps in the truck. (*Id.* at 58).

After he started the fueling pump, plaintiff began to wash his windshield. Plaintiff's routine method of washing his windshield is to open the hood of the truck and stand on the tires. Because of the fuel spill, and because plaintiff knew it was too slippery to stand on his tires, he decided to "step on the tread, hang on to my mirror and clean my windows." (*Id.* at 41). When plaintiff began to step down from the truck, his foot slipped on the step, he lost his balance, and he fell to the ground. (*Id.* at 44–45). Plaintiff suffered a broken leg, which required surgery and still causes plaintiff pain and interferes with activities.

### Discussion

Plaintiff asserts that defendant proximately caused his injury by negligently failing to maintain its premises in a reasonably safe condition. Defendant argues that it is entitled to summary judgement based on, inter alia, the complete defense of primary assumption of risk.

### Primary Assumption of Risk

The Supreme Court of Ohio has described the defense of assumption of risk as follows: "(1) consent or acquiescence in (2) an appreciated or known (3) risk. The practicalities of proof require that the defense of assumption of the risk also be applicable where the risk is so obvious that plaintiff must have known and appreciated it." *Anderson v. Ceccardi*, 6 Ohio St.3d 110, 113, 451 N.E.2d 780 (1983). In *Anderson*, the Court merged the defense of assumption of the risk with the defense of contributory negligence under Ohio's comparative negligence statute. *Id.* at 113, 451 N.E.2d 780. Thus, the negligence

of all parties is now apportioned by the court or jury pursuant to the statute. *Id.*

*Anderson* held that two types of assumption of risk—express and primary—were not merged with contributory negligence under the statute. Thus, primary assumption of risk still serves as a complete defense in a negligence action and bars recovery. *Id.* at 114, 451 N.E.2d 780. The defense of primary assumption of risk arises when there is no duty owed by the defendant to the plaintiff. The defense arises not only when no duty is owed from the outset of a relationship between the parties, but also when the plaintiff, through his actions, discharges any duty the defendant had. Such a discharge occurs when the plaintiff, with full knowledge of the potential risks and consequences, voluntarily chooses to proceed in the face of a known risk. *See Siglow v. Smart,* 43 Ohio App.3d 55, 59, 539 N.E.2d 636 (1987).

> The defense of 'lack of duty' or 'no duty' arises *because* of the assumption of the risk. One who reasonably and voluntarily exposes himself or herself to an obvious or known danger, who reasonably chooses to proceed in the face of a known risk, is deemed to have relieved defendant of any duty to protect him or her.

*Goldfuss v. Davidson,* 79 Ohio St.3d 116, 128, 679 N.E.2d 1099 (Lundberg Stratton, J., concurring in part and in the syllabus, and dissenting in part) (internal citations omitted).

I find that plaintiff primarily assumed the risk of injury when he chose to expose himself to injury when he climbed on his truck to wash the windshield. Plaintiff's statements in his deposition show that he saw the fuel spills on the ground and knew it was extremely slippery. He experienced the slippery condition while walking around the truck to begin fueling. He chose not to proceed in his usual manner of washing the windshield because he knew it would be dangerous and slippery given the fact he had been walking on the ground in the fuel spills. Exactly why he thought the alternative method of washing while balancing on the tread and hanging onto a mirror would be safer than his usual method is unclear, yet he chose to proceed in this manner despite the dangerous condition. When plaintiff stepped onto his truck to wash the windshield, he voluntarily assumed the risk of injury that resulted when the fuel that was on the sole of his shoe caused him to slip on his truck. Thus, the duty of ordinary care which defendant owed to plaintiff because of his invitee status was discharged.

Plaintiff could have washed his windshield in another location, indeed he stated in his deposition that the squeegee and washer fluid he used were his own, and thus not only available at a certain location at the travel plaza. He could have wiped the soles of his shoes before stepping on the truck, or he could have changed into his other pair of shoes which had not been exposed to the fuel spills. *See Miljkovic v. Greater Cleveland Reg'l Transit Auth.,* 2000 WL 1514238, *6–7, 2000 Ohio App. LEXIS 4780, *14–15 (Oct. 12, 2000) (finding primary assumption of risk when plaintiff, knowing trains to be dangerous, voluntarily chose to cross railroad tracks as a matter of convenience rather than use near-by overpass bridge); *Gum v. Cleveland Elec. Illuminating Co.,* 1997 WL 67753, *5–6, 1997 Ohio App. LEXIS 503, *15–16 (Feb. 13, 1997) (finding primary assumption of risk when plaintiff knew an electric wire was a problem and a potential hazard for a fall or shock, complained to his foreman and employer about the risk, did not like working near the wire, but

continued to do so without taking any precautions).

Because the defense of primary assumption of risk applies, summary judgment in favor of defendant is appropriate, and I decline to reach the merits of defendant's other defenses.[1]

Therefore, it is hereby

**ORDERED THAT**

Defendant's motion for summary judgment be, and hereby is, granted.

**So ordered.**

---

**1.** In opposition to defendant's motion for summary judgment, plaintiff raises several arguments which suggest that comparative negligence principles should apply to this case. I find that primary assumption of risk works an absolute bar to recovery and thus comparative negligence principles do not apply. However, I note here that even if such principles did apply, plaintiff could only be found more than fifty percent negligent as a matter of law when he chose to balance precariously on his truck despite the slippery conditions.