{¶ 60} The Landlord Tenant Act of 1974, of which R.C. 5321.04 is a part, changed the common-law liability between landlords and tenants of residential premises. The Act provides a tenant with greater rights and negates the previous common-law tort immunities for landlords. SeeBurnworth v. Harper (1996), 109 Ohio App.3d 401, 672 N.E.2d 246. Moreover, a landlord's violation of a statutory duty constitutes negligence per se. Burnworth citing Schroades v. Rental Homes (1981),68 Ohio St.3d 20, 427 N.E.2d 774.
 {¶ 61} A landlord may be liable for injuries sustained on premises proximately caused by the landlord's failure to fulfill statutory duties with regard to the premise's condition. Williams v. Assoc. Estates Crop.
(1992), 119 Ohio App.3d 558, 695 N.E.2d 1172; Schroades. Generally, landlords must comply with all applicable building, housing, health and safety codes. R.C. 5321.04(A). To find a landlord liable, a tenant must prove: (1) that the landlord breached a duty under the statute; (2) the defect was the proximate cause of the injury; and (3) the landlord had notice of the defect prior to the injury.
 {¶ 62} I agree with the principal opinion that after a review of the evidentiary materials submitted in the case sub judice, the trial court erred at this juncture by granting summary judgment. I note, however, that the Ohio Supreme Court has extended the open and obvious danger doctrine to landlord tenant cases that involve natural accumulations of ice and snow. In LaCourse v. Fleitz (1986),28 Ohio St.3d 209, 593 N.E.2d 159, the court held that R.C. 5321.04(A)(3) does not impose a duty on landlords to keep leased premises clear of natural accumulations of ice and snow. See, also, Wiggans v. Glock
(1997), Montgomery 15967; DeAmiches v. Posczun (1973), 35 Ohio St.2d 180,299 N.E.2d 265; Hammond v. Moon (1982), 8 Ohio App.3d 66, 455 N.E.2d 1301;Daniels v. Thompson (1981), Cuyahoga 42822. It appears, however, that in the instant case appellant alleges that structural defects in the dwelling have occurred and that the ice and snow cannot be labeled as "natural accumulations" of ice and snow. Thus, at this stage of the proceeding I agree that the judgment must be reversed and the matter remanded for further proceedings.