JOURNAL ENTRY and OPINION
{¶ 1} The Company, Inc. (The Company) appeals from a jury verdict in favor of appellee Fred Bey finding it liable for negligently injuring Bey. The Company assigns the following as error for our review:
 {¶ 2} The trial court erred, to the prejudice of Defendant-Appellant, in refusing to instruct the jury on the issue of comparative negligence, when there was sufficient evidence of Plaintiff-Appellee's negligence presented at trial.
 {¶ 3} Having reviewed the record and pertinent law, we affirm the judgment of the trial court. The apposite facts follow.
 {¶ 4} Bey, a union electrician, was assigned to work for Precision Electric at the Main Post Office in Cleveland. The Company also assigned workers to this job site.
 {¶ 5} On the morning of September 10, 1997, Cedric Jeffrey, an employee of The Company, strung an extension cord across a narrow corridor which was the only avenue of transit between the electricians' storage area and their work area. The extension cord, looped over itself several times like a garden hose, fed electricity to a machine Jeffrey used to dry a recently installed floor.
 {¶ 6} Bey and Carl Longshaw, the electrical union's representative, noticed and traversed the extension cord several times before the accident. On their final pass, Jeffrey pulled the extension cord and unwittingly tripped Bey. The accident caused injury to Bey's leg, for which he sought compensation from The Company under a theory of negligence.
 {¶ 7} At trial, Bey and Longshaw testified they both knew of the cord on the floor. Further, as union electricians, each possessed training and experience which alerted them to the danger the cord presented.
 {¶ 8} The Company defended under the theory that the accident or injury did not occur. Nonetheless, at the close of evidence, The Company requested an instruction on comparative negligence. The court denied the request and charged the jury who then retired without objection from The Company. The jury found The Company negligent in causing Bey's injuries and rendered judgment in the amount of $165,710. This appeal followed.
 {¶ 9} Before addressing the merits of The Company's assigned error, we will resolve Bey's proposition that The Company waived its claim of error by failing to object to the court's jury charge before the jury retired to deliberate, in accordance with Civ.R. 51(A).
 {¶ 10} A party's failure to object to arguably deficient jury instructions immediately following the jury charge and prior to the time the jury retires does not necessarily amount to waiver of the alleged error on appeal. The purpose of Civ.R. 51(A) is to provide the trial court an opportunity to correct deficient jury instructions during the same trial.[1] Thus, [W]here the record affirmatively shows that a trial court has been fully apprised of the correct law governing a material issue in dispute and that the complaining party has unsuccessfully requested the inclusion of that law in the trial court's charge to the jury, that party cannot be said to have waived his objections to the court's charge by failing to formally object after the charge is given.[2]
 {¶ 11} In this regard, the trial court stated:
 {¶ 12} On the record the court has discussed the charge to the jury in chambers with counsel.
 {¶ 13} There is a major dispute with respect to the request by defense counsel to have the court charge on comparative negligence, * * *.
 {¶ 14} * * *
 {¶ 15} The Court would normally charge on comparative negligence in this kind of case, had there been some testimony, some evidence, of something the plaintiff did, or didn't do, that constitutes negligence, * * *.
 {¶ 16} Actually, there is no testimony at all, other than the fact that he knew the coil was there, he had walked over it several times, he did walk over it carefully, and his testimony was the accident wouldn't have happened if Cedric had not pulled on the wire just as he was walking over it, * * *.
 {¶ 17} There is no contrary evidence with respect to the way the accident happened, if it happened.
 {¶ 18} Now, for that reason, the court is declining to charge comparative negligence.
 {¶ 19} Although The Company did not object at the close of the jury charge to the absence of a comparative negligence instruction, its assigned error is not waived because the record reveals The Company sufficiently presented the issue of comparative negligence to the trial court and requested such an instruction in full compliance with Presley and Civ.R. 51(A). Accordingly, we determine waiver does not apply.
 {¶ 20} We now turn to whether the trial court erred by not giving a jury instruction on comparative negligence. The Company argues the court heard sufficient evidence suggesting Bey knew of the danger presented by the cord, thus warranting an instruction on comparative negligence. We disagree.
 {¶ 21} In resolving this assigned error, our standard of review is abuse of discretion.[3] The Ohio Supreme Court defined the abuse of discretion standard as follows:
 {¶ 22} The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing [* * *] considerations. In order to have an abuse of that choice, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias.[4]
 {¶ 23} Generally, a trial court should confine its instructions to the issues raised by the pleadings and the evidence.[5] Although a party is not entitled to a particular jury instruction if no evidence was presented in support of that instruction, a court ordinarily should give a requested instruction if it correctly states the law applicable to the facts of the case and reasonable minds might reach the conclusion sought by the specific instruction.[6]
 {¶ 24} The relevant query when determining the appropriateness of a jury instruction is not whether a party pursued a certain legal tack at trial, as argued by Bey; rather we must determine whether the facts in evidence could reasonably support the conclusion sought by the instruction.
 {¶ 25} The Company essentially argues Bey implicitly assumed the risk of injury by repeatedly stepping over a known hazard. However, this theory does not suffice as implied assumption of the risk and contributory negligence merged under R.C. 2315.19 forming the singular doctrine of comparative negligence.[7] Under this relatively new scheme, a plaintiff's recovery is entirely barred if the facts demonstrate his negligence is greater than the sum of all other parties' negligence. As the Ohio Supreme Court held in Anderson v. Ceccardi, The conduct previously considered as assumption of risk by the plaintiff shall be considered by the trier of the fact under the phrase `contributory negligence of the person bringing the action' under R.C.2315.19, and the negligence of all parties shall be apportioned by the court or jury pursuant to that statute.[8] Thus, we are left with the question of whether the trial evidence can reasonably support the conclusion that Bey negligently contributed to his injuries.
 {¶ 26} Bey's injury was proximately caused by Jeffrey pulling on the extension cord which he had strung across the floor. The evidence adduced at trial gives no indication Bey had any responsibility for the location of the extension cord; nor did Bey contribute to moving the extension cord. The mere fact that Bey knew of the extension cord does nothing to support the proposition that he was comparatively negligent in causing his injury. Accordingly, the trial court did not err refusing to give a jury instruction of comparative negligence.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J., and FRANK D. CELEBREZZE, JR., J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] Presley v. Norwood (1973), 36 Ohio St.2d 29, 33, citing McCormac, Ohio Civil Rules Practice, Section 12.18; 5A Moore, Federal Practice (2 Ed.), Section 51.04.
[2] Presley at 33. (Emphasis: sic.)
[3] State v. Wolons (1989), 44 Ohio St.3d 64; State v. Sims (June 12, 1997), Cuyahoga App. No. 71236.
[4] Nakoff v. Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254, 256-257. (Citations omitted).
[5] Becker v. Lake Cty. Mem. Hosp. West (1990), 53 Ohio St.3d 202,208.
[6] Murphy v. Carrollton Mfg. Co. (1991), 61 Ohio St.3d 585, 591.
[7] Gallagher v. Cleveland Browns Football Co. (1996), 74 Ohio St.3d 427, citing Anderson v. Ceccardi (1983), 6 Ohio St.3d 110.
[8] Anderson, supra at 113.