214

Dale HANSEN; Sandra Hansen,
Plaintiffs–Appellants,

v.

FLYING J TRAVEL PLAZA,
Defendant–Appellee.

No. 01–3624.

United States Court of Appeals,
Sixth Circuit.

Jan. 9, 2003.

Before KEITH, KENNEDY, and
MOORE, Circuit Judges.

KENNEDY, Circuit Judge.

Plaintiffs Dale and Sandra Hansen appeal the district court's grant of summary judgment in favor of Defendant Flying J Travel Plaza in this diversity action seeking recovery for injuries suffered by Dale Hansen at defendant's fueling plaza. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

**I.**

On February 8, 1999. Dale Hansen (Hansen) pulled into a Flying J Travel Plaza (Flying J) in Perrysburg. Ohio, to refuel his semi-truck. When Hansen entered the fueling plaza, he noticed "a lot of diesel fuel" spilled in the stall he was approaching. Rather than use that stall, Hansen waited to use another stall that had "less diesel fuel" on the ground around it. Hansen informed a station attendant that "the place was a mess" and asked "why wasn't there sand or something on the ground for the spills."

Before refueling his truck. Hansen changed out of his driving shoes and into rubber soled shoes that had a waffle-iron tread that provided better traction in slippery conditions. Hansen then proceeded to refuel his truck, walking around the truck to put hoses in both the driver and passenger side fuel tanks despite the "very slippery" conditions. While the truck was being refueled, Hansen washed his windshield using his own cleaning fluid and squeegee. Usually Hansen opened the hood of his truck and stood on the tires to reach the windshield. On this occasion,

Hansen decided to stand with one foot on the truck step tread and hang from his mirror in order reach the windshield. When Hansen began to dismount from his position on the truck, his foot slipped, causing him to lose his balance and fall to the ground. As a result of this fall, Hansen suffered a broken leg, which required surgery and continues to cause him pain, as well as interfere with his activities.

## II.

Hansen asserts two challenges to the district court's grant of summary judgment. First, Hansen argues that the district court erred when it granted summary judgment based on a finding of reasonable assumption of risk because reasonable assumption of risk is not a type of primary assumption of risk, a defense recognized by Ohio law. Second, Hansen argues that the district court erred when it found as a matter of law that Hansen was more than fifty percent negligent under comparative negligence principles. We review *de novo* the district court's grant of summary judgment. Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The defense of assumption of risk, with two exceptions, has been judicially merged with the defense of contributory negligence under Ohio's comparative negligence statute. *Anderson v. Ceccardi*, 6 Ohio St.3d 110, 451 N.E.2d 780, 783 (1983). The doctrinal merger, however, did not include primary assumption of risk, "which concerns cases where there is a lack of duty owed by the defendant to the plaintiff." or express assumption of risk, which arises when "a person expressly contracts with another not to sue for any future injuries that may be caused by that person's negligence." *Id.* The *Anderson* court, thus, preserved assumption of risk rules that pose questions of law (whether a defendant owed a plaintiff a duty and whether a plaintiff had expressly waived by contract any duty owed by a defendant) as absolute bars to recovery for a plaintiff's injuries. *See id.* at 785.

Reasonable assumption of risk, which entails a reasonable and voluntary exposure to obvious or known danger, has been characterized as a form of primary assumption of risk based on its conceptual equivalency to express assumption of risk. *Siglow v. Smart*, 43 Ohio App.3d 55, 539 N.E.2d 636, 640–41 (1987).

> Reasonable assumption of risk, entailing a reasonable and voluntary exposure to an obvious or known danger, sounds in waiver and consent—not fault. A plaintiff who reasonably chooses to proceed in the face of a known risk is deemed to have relieved defendant of any duty to protect him. (citations omitted)

*Id.* at 640.

In so characterizing reasonable assumption of risk, the *Siglow* court extended the assumption of risk exceptions to include cases where the plaintiff's conduct impliedly waived any duty owed by the defendant. *Id.* at 640. The *Siglow* court's doctrinal extension has been criticized by another state appeals court. *Borchers v. Winzeler Excavating Co.*, 83 Ohio App.3d 268, 614 N.E.2d 1065, 1069 (1992). The *Borchers'* opinion characterizes the *Anderson* court's primary assumption of risk exception as presenting a policy question of whether the courts should impose liability for risks inherent or frequently associated with certain activities, rather than a legal question regarding the existence or absence of a

duty. *Id.* at 1070. We disagree and find that *Siglow* is consistent with *Anderson.*

In setting forth Ohio's primary assumption of risk doctrine, the district court used language and cited precedent associated with the reasonable assumption of risk doctrine. While finding that the defense of primary assumption of risk barred recovery, the district court concluded that "the duty of ordinary care which defendant owed to plaintiff because of his invitee status was discharged" when "plaintiff chose to expose himself to injury when he climbed on his truck to wash the windshield" despite his knowledge that his shoes had been exposed to spilled diesel fuel and the slippery nature of that fuel and, hence, the primary assumption of the risk exception provided an absolute bar to recovery in this case.

Hansen was a business invitee at the time of his injury. A property owner/occupier owes a business invitee "a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger." *Pashal v. Rite Aid Pharmacy, Inc.,* 18 Ohio St.3d 203, 480 N.E.2d 474, 475 (1985). Because a property owner/occupier is not an insurer of the customer's safety, a property owner/occupier is under no duty to protect a business invitee from dangers " 'which [1] are known to such invitee or [2] are so obvious and apparent to such invitee that he may reasonably expect to discover them and protect himself against them.' " *Id.* (quoting *Sidle v. Humphrey,* 13 Ohio St.2d 45, 233 N.E.2d 589 (1968)). We agree with the District Court that this case falls within the primary assumption of risk exception defined by the Ohio Supreme Court. In his deposition. Hansen admitted that he knew that spilled diesel fuel created slippery conditions. that such slippery conditions existed around his truck at the time of his injury, and that such conditions posed a risk of injury in case he fell while servicing his truck. Flying J, therefore, had no duty to protect Hansen from the known dangers posed by washing his truck windshield in the precarious manner he chose.

Hansen's primary assumption of risk is analogous to that assumed by a baseball spectator. A baseball spectator assumes the risk of injury because it is common knowledge that hard balls may be thrown or batted at great speed into the stands. *Anderson,* 451 N.E.2d at 784 (citing *Cincinnati Base Ball Club Co. v. Eno,* 112 Ohio St. 175, 147 N.E. 86 (1925)). Just as a baseball spectator assumes the risk of injuries from known dangers, Hansen assumed the risk of injury from a fall caused by the slippery conditions he knew to be associated with the spilled diesel fuel. Hansen's primary assumption of risk, therefore, bars recovery from Flying J and Flying J is entitled to summary judgment as a matter of law.

In view of our disposition of Hansen's first challenge to the district court's judgment, we need not address his second challenge.

### III.

For the foregoing reasons, the judgment of the district court is AFFIRMED.