OPINION.
{¶ 1} Plaintiff, Gary Hardy, appeals from a summary judgment for Defendant, Richard Hall, on Hardy's claim for personal injuries.
 {¶ 2} Hardy agreed to remove a large pine tree that grew on Hall's property. They devised a plan in which Hardy would ascend the tree on a ladder, using a chain saw to cut off the tree's branches as he did. When he neared the top, Hardy would "top off" the tree by cutting through its trunk, allowing the top to fall away.
 {¶ 3} A neighbor raised concerns that the tree might fall on his property. To avoid that, Hall and Hardy proposed to tie ropes from the top of the tree to the bumper of Hall's truck, keeping the lines taut until the tree top began to fall away. As it did, Hall was to use his truck to pull the top down, away from the direction of his neighbor's property.
 {¶ 4} The job went as planned until Plaintiff Hardy completed cutting through the tree's trunk to top it off. Instead of falling away from the tree, the top fell downward. In the process, branches from the tree top struck Plaintiff Hardy, throwing him from the steps of the ladder on which he stood and causing him to fall to the ground, thirty or forty feet below, injuring him in the process.
 {¶ 5} Hardy commenced the underlying action against Hall on Hardy's claim for personal injuries. Defendant Hall moved for summary judgment. The trial court granted the motion, holding that Hardy's claim for relief is barred by the doctrine of primary assumption of risk, that risk being the inherent risk of falling from the tree. Hardy filed a timely notice of appeal.
 ASSIGNMENT OF ERROR {¶ 6} "The trial court erred in granting appellee's motion for summary judgment because an issue of fact exists as to whether the doctrine of primary assumption of the risk obviates any duty owed by appellee to appellant."
 {¶ 7} Summary judgment may not be granted unless the entire record demonstrates that there is no genuine issue of material fact and that the moving party is, on that record, entitled to judgment as a matter of law. Civ.R. 56. The burden of showing that no genuine issue of material fact exists is on the moving party. Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64. All evidence submitted in connection with a motion for summary judgment must be construed most strongly in favor of the party against whom the motion is made. Morris v. First National Bank Trust Co. (1970), 21 Ohio St.2d 25. In reviewing a trial court's grant of summary judgment, an appellate court must view the facts in a light most favorable to the party who opposed the motion. Osborne v.Lyles (1992), 63 Ohio St.3d 326. Further, the issues of law involved are reviewed de novo. Nilavar v. Osborn (1998), 127 Ohio App.3d 1.
 {¶ 8} Hardy alleges that his injuries proximately resulted from Hall's negligence. To support a claim for negligence, a plaintiff must show the existence of a duty, a breach of duty, and an injury proximately resulting therefrom. Fed. Steel Wire Co. v. Ruhlin Constr. Co.
(1989), 45 Ohio St.3d 171; Menifee v. Ohio Welding Products, Inc.
(1984), 15 Ohio St.3d 75.
 {¶ 9} "A `duty' is an obligation imposed by law on one person to act for the benefit of another person due to the relationship between them. When risks and dangers inherent in the relationship or incident to it may be avoided by the obligor's exercise of care, an obligor who fails to do so will be liable to the other person for injuries proximately resulting from those risks and dangers if the injuries were reasonably foreseeable. In negligence cases the duty is always the same: to conform to the legal standard of reasonable conduct in the light of apparent risk." Berdyck v. Shinde (1993), 66 Ohio St.3d 573, at 579.
 {¶ 10} A claimant's assumption of a risk which then occurred to result in the injuries from which a negligence claim arises is an affirmative defense to any liability on the defendant's part for negligently creating the risk or failing to avoid it. Assumption of the risk consists of a claimant's consent to or acquiescence in subjecting himself to a known or appreciated risk. Anderson v. Ceccardi (1983),6 Ohio St.3d 110.
 {¶ 11} Assumption of the risk may be primary or secondary. Secondary or implied assumption of the risk exists when a plaintiff who fully understands the risk of harm to himself nevertheless voluntarily chooses to subject himself to it, under circumstances that manifest his willingness to accept the risk. Restatement of the Law (Second), Torts, Section 496C. Secondary assumption of the risk generally presents issues of fact, and is now merged with the defense of contributory negligence, which is governed by R.C. 2315.19. Anderson.
 {¶ 12} Primary or express assumption of the risk occurs where a plaintiff, by contract or otherwise, expressly agrees to accept a risk of harm arising from the defendant's negligent or reckless conduct. Restatement of the Law (Second), Torts, Section 496 B. Then, the plaintiff cannot recover for harm he suffers from the occurrence of the risk, unless the agreement is invalid as contrary to public policy. Id. Primary or express assumption of risk is not merged with contributory negligence. Anderson. A plaintiff who has made a primary or express assumption of risk is totally barred from recovery. Gallagher v.Cleveland Browns (1996), 24 Ohio St.3d 427.
 {¶ 13} Gallagher distinguished two types of primary assumption of risk; contractual assumption, and where no duty of care is owed by the defendant. A contractual assumption requires an express agreement that the risk was assumed by the plaintiff. The "no duty" form of primary assumption of risk exists where the risks involved are so directly associated with the activity involved as to be inherent in it. Then, a presumption arises, one which is irrebutable, that the claimant assumed the risk that resulted in his injuries. As an example, the Gallagher
court cited injuries suffered by a spectator at a baseball game who is struck by a ball hit into the stands during the game. The risk that will occur is inherent in being a spectator at the game. In contrast, a spectator hit by a ball during pre-game practice play suffers injuries which are not directly associated with the game he came to watch. Then, questions of fact exist which, though they might support a contributory negligence defense, make primary assumption of risk inapplicable. E.g.Cincinnati Baseball Club v. Eno (1925), 112 Ohio St. 175.
 {¶ 14} Here, there was no express agreement between Hall and Hardy that Hardy would assume the risk of any injury and loss he might suffer as a result of helping Hall to remove the tree. Therefore, if primary assumption of the risk applies, it must be because Hall owed Hardy no duty of care.
 {¶ 15} The "no duty" theory is an extension of the contract rule. It turns on whether the risk involved is a regular feature of the activity involved, one directly associated with it. Gallagher. It does not depend on the intensity of the risk, but on whether it is such an inherent part of the circumstances of the relationship between the parties that no obligation is imposed on the defendant to protect the plaintiff from the risk; hence, "no duty" of care is owed, and no breach of duty can occur.
 {¶ 16} The trial court held that the risk of falling from the tree was so inherent in the activity involved here that, with respect to the injuries Hardy suffered from his fall, "`topping off' Hall's tree falls squarely within the ambit of primary assumption of risk." (Decision, Order and Entry p. 6). We do not agree.
 {¶ 17} Hardy's injuries clearly resulted from his fall, but the fall itself resulted from Hardy's being struck by a branch or branches of the tree top. According to Hardy's claim, that was a proximate result of Hall's failure to pull the tree top away with the ropes attached to his truck, as the two men had planned and agreed. Hall denies that he failed to pull the treetop away. However, evidence from a neighbor who was watching the work suggests that Hall may have done that. Hall's failure was not, at least according to their plan, a regular feature of the activity concerned, such that the risk it created was directly associated with it. One does not by participating in an activity assume the risk of any injury caused by another participant's failure to observe the rules of the event. Bowen v. Kil-Kare, Inc. (1992), 63 Ohio St.3d 84. Whether such a failure occurred is, on this record, a genuine issue of material fact that precludes summary judgment.
 {¶ 18} This is not to say that Hardy should not have anticipated Hall's alleged failure to perform as he had promised. Perhaps Hardy should have. In that event, Hardy's willingness to accept the risk arising from Hall's failure presents a claim of secondary or implied assumption of risk which must be determined pursuant to R.C. 2315.19. Hardy's claim for relief may not prevail in a comparative negligence analysis, but he is entitled to prosecute it to that point because it is not barred by primary assumption of the risk, as the trial court held.
 {¶ 19} The assignment of error is sustained. The judgment from which this appeal is taken will be reversed, and the matter will be remanded to the trial court for further proceedings.
BROGAN, J. and YOUNG, J., concur.