{¶ 71} The majority seems to say that the trial court misapplied the open and obvious danger defense because the risk of the injury that in fact occurred arose not out of a hidden or latent defect in the condition of the premises but out of the owner's active negligence committed on the site of his premises. I agree with that view. I also agree that the doctrine the court actually applied was the assumption of the risk defense, which was merged into the defense of contributory negligence by R.C.2315.19. Anderson v. Ceccardi (1983), 6 Ohio St.3d 110. However, I do not agree that the record exemplifies the "primary assumption of risk" exception announced in Anderson to the merger created by R.C. 2315.19.
 {¶ 72} Primary assumption of risk "concerns cases where there is a lack of duty owed by the defendant to the plaintiff. This type of assumption of risk is typified by the baseball cases where a plaintiff is injured when a baseball is hit into the stands." Id., at 114, citing Cincinnati Baseball Club Co. V.Eno (1925), 112 Ohio St. 175.
 {¶ 73} "The consensus of * * * opinions is to the effect that it is common knowledge that in baseball games hard balls are thrown and batted with great swiftness, that they are liable to be thrown or batted outside the lines of the diamond, and that spectators in positions which may be reached by such balls assume the risk thereof." Eno, at 180-181.
 {¶ 74} Plaintiff Routzahn was injured when he fell from the platform affixed to the tractor on which he was riding. He testified that he fell because the paper bags containing soybeans on which he was seated shifted when Defendant Garrison turned the tractor toward the barn. Plaintiff also opined that the bags would not have shifted as they did and/or that he would not have fallen off the platform if Defendant had installed guardrails that Defendant designed and built the platform to accommodate. These events occurred while the two men were returning to the farmhouse for their noon meal.
 {¶ 75} It was reasonably foreseeable to both men that Plaintiff was at risk of falling from the tractor platform under these circumstances. However, unlike the risk to spectators at a ball game, that risk was not so inherent in the activity concerned that Defendant was relieved of his duty to avoid injury to Plaintiff through Defendant's own act or omission. Therefore, on comparative negligence principles, Plaintiff is barred from recovering on his claim for relief only if his own contributory negligence was greater than Defendant's. R.C. 2315.19(A)(1).
 {¶ 76} Summary judgment requires all evidence to be construed most strongly in favor of the non-movant, and not granted unless reasonable minds can come to but one conclusion, which is adverse to the party against whom the motion was made. Civ.R. 56(C).
 {¶ 77} The record shows that Plaintiff was working for wages, helping Defendant on his farm. Plaintiff was therefore working at Defendant's direction. When it came time to return to the farmhouse from the field, a distance of about one-quarter mile, Defendant mounted the driver's seat on the tractor. The only other place available was on the platform on which bags of soybeans had been loaded. Plaintiff climbed on top of the bags and the two set off, with Defendant driving.
 {¶ 78} There may not be much difference in the degrees of negligence chargeable to each party. However, on this record and the standards imposed by Civ.R. 56(C), reasonable minds could not but come to a conclusion adverse to Plaintiff on the claims for relief presented. Therefore, the trial court erred when it granted Defendant's motion for summary judgment.