## Pressler v. U
### [Cite as 7 AOA 306]

Case No. 59259
Cuyahoga County, (8th)
Decided October 25, 1990

Anne W. Lindsay, Esq., 2525 Edgehill Road, Cleveland Hts., Ohio 44106, for Plaintiff-Appellants.

Gary L. Nicholson, Esq., Gallagher, Sharp, Fulton & Norman, 1501 Euclid Avenue, 7th Floor, Bulkley Building, Cleveland, Ohio 44115, for Defendant-Appellee.

Per Curiam.

Appellants were injured during a yacht race with appellee. Appellant sued appellees but appellants alleged only negligence. Summary judgment was granted for appellee. Appellants raise the following assignments of error:

### I
### UNDER SECTION 2315.19, THE OHIO REVISED CODE, THE DEFENSE OF ASSUMPTION OF RISK DOES NOT BAR THE PLAINTIFFS' RECOVERY.

### II
### IF EVIDENCE OF ASSUMPTION OF RISK WAS FOUND, THE ISSUE SHOULD HAVE BEEN SUBMITTED TO THE TRIER OF FACT, PURSUANT TO R.C. 2315.19(B), AND THE REQUIRED FINDINGS MADE.

### III
### MATERIAL FACT ISSUES EXIST AS TO THE PROXIMATE CAUSE AND SERIOUSNESS OF THE EMOTIONAL INJURIES SUSTAINED BY THE PLAINTIFFS.

As the assignments of error are related, we shall address them together.

"Where individuals engage in recreational or sports activities, they assume the ordinary risks of the activity and cannot recover for any injury unless it can be shown that the other partici-pant's actions were either 'reckless' or 'intentional' as defined in Sections 500 and 8A of the Restatement of Torts 2d." Marchetti v. Kalish (1990), 53 Ohio St. 3d 95 (syllabus).[1] The collision occurred during an ordinary risk: passing or maneuvering during a race. The appellants' primary assumption of the risk bars their claims. R.C. 2315.19(B) is inapplicable to primary assumption of the risk.

The assignments of error are overruled.

The judgment is affirmed.

KRUPANSKY, P.J., MATIA, J., and PARRINO, J., concur.

Sitting by Assignment: Judge Thomas J. Parrino, Retired, of the Eighth District Court of Appeals.

---

[1] See also Thompson v. McNeill (1990), 53 Ohio St. 3d 102 (syllabus) which states:

"Between participants in a sporting event, only injuries caused by intentional conduct, or in some instances reckless misconduct, may give rise to a cause of action. There is no liability for injuries caused by negligent conduct. (Marchetti v. Kalish [1990], 53 Ohio St. 3d 95, ____ N.E. 2d ____, approved and followed.)

"A player who injures another player in the course of a sporting event by conduct that is a foreseeable, customary part of the sport cannot be held liable for negligence because no duty is owed to protect the victim from that conduct."