**SPANGLER, Appellant,**

v.

**KEHRES, Appellee.**

[Cite as *Spangler v. Kehres* (1995), 107 Ohio App.3d 1.]

Court of Appeals of Ohio,
Fifth District, Richland County.

No. 94–CA–69.

Decided April 25, 1995.

2

*Clark, Perdue, Roberts & Scott* and *Edward L. Clark,* for appellant.

*Sauter & Hohenberger* and *Kenneth R. Beddow,* for appellee.

WISE, Judge.

Appellant Debra A. Spangler was injured on August 23, 1991, when appellee Bruce B. Kehres fell on top of her while slow dancing. The accident occurred at the Eagles Club in Shelby, Ohio, while celebrating appellee's birthday. Appellee had been drinking heavily prior to dancing with appellant, and it is not quite clear how the fall occurred.

On August 20, 1993, appellant filed her complaint, in which she alleges that appellee negligently fell on her, causing severe and permanent injuries. On July 1, 1994, appellee filed a motion for summary judgment. The trial court granted appellee's motion on August 15, 1994. Appellant filed her notice of appeal on September 14, 1994 setting forth the following assignment of error:

"The trial court erred in granting summary judgment to defendant."

In support of her appeal, appellant claims the trial court erred in applying *Marchetti v. Kalish* (1990), 53 Ohio St.3d 95, 559 N.E.2d 699, because *Marchetti* does not apply to an activity which has a low expectation of injurious contact. Appellant also states that even if *Marchetti* does apply, appellant's injuries are not the result of a voluntary assumption of an ordinary risk of the activity as required by *Marchetti.*

The Ohio Supreme Court held in the syllabus in *Marchetti* as follows:

"Where individuals engage in recreational or sports activities, they assume the ordinary risks of the activity and cannot recover for any injury unless it can be shown that the other participant's actions were either 'reckless' or 'intentional' as defined in Sections 500 and 8A of the Restatement of the Torts 2d."

█ █ We find that the trial court correctly applied *Marchetti* to the case *sub judice* since slow dancing is a recreational activity. Therefore, appellant had to allege that her injuries were caused by appellee recklessly or intentionally falling on her. A review of the complaint establishes that appellant did not allege that appellee's reckless or intentional conduct caused her injuries. Appellant only pled negligence.

This decision is consistent with *Thompson v. McNeill* (1990), 53 Ohio St.3d 102, 559 N.E.2d 705, in which the Ohio Supreme Court held "only injuries caused by intentional conduct, or in some instances reckless misconduct, may give rise to a cause of action. There is no liability for injuries caused by negligent conduct." *Id.* at paragraph one of the syllabus. Therefore, the trial court did not error in granting appellee's motion for summary judgment.

█ We do not accept appellant's argument that *Marchetti* applies only to those situations which have a low expectation of injurious contact. *Marchetti* applies to all sporting and recreational activities regardless of the expectation of injury. This is apparent from the fact that courts have applied *Marchetti* to injuries received when persons were involved in the following activities: flying radio-controlled model airplanes, *Zinn v. Cattell* (Mar. 18, 1994), Ashtabula App. No. 93–A–1831, unreported, 1994 WL 102377; playing horseshoes, *Lamendola v. Beatty* (Mar. 29, 1991), Portage App. No. 90–P–2159, unreported, 1991 WL 45625; and sailing, *Pressler v. U* (1990), 70 Ohio App.3d 204, 590 N.E.2d 873. The above activities do not have a high expectation of injurious contact, but when such contact does occur, courts have found it appropriate to apply *Marchetti.*

We also do not accept appellant's alternative argument that falling while dancing is not an "ordinary risk" of this activity. When the court in *Marchetti* referred to the term "ordinary risk," it was including negligent conduct. If appellant believes that falling while slow dancing is not an ordinary risk of this activity, she should have pled in her complaint that such a result could have occurred only by the reckless or intentional conduct of a dance partner.

Appellant also sets forth a second argument in her brief, although she did not designate it as a separate assignment of error. Appellant contends that the trial court erred in finding that her case does not offer a factual basis for liability. Appellant contends that appellee's alleged intoxication caused the fall and that a jury should be permitted to determine the effect appellee's alcohol consumption had upon the fall.

Had appellant pled in her complaint that appellee was reckless in consuming a large amount of alcohol, a question for the jury would exist concerning whether the alcohol consumption by appellee was the proximate cause of the fall. However, appellant merely alleged in her complaint that appellee negligently consumed a large quantity of alcohol. As stated above, appellant cannot recover under a negligence standard for injuries which arise from recreational activities. We overrule appellant's assignment of error.

For the foregoing reasons, the judgment of the court of common pleas is hereby affirmed.

*Judgment affirmed.*

FARMER, J., concurs.

HOFFMAN, P.J., concurs in part and dissents in part separately.

WILLIAM B. HOFFMAN, Presiding Judge, concurring in part and dissenting in part.

I concur with the majority that *Marchetti v. Kalish* (1990), 53 Ohio St.3d 95, 559 N.E.2d 699, governs this case. I further concur that falling is an "ordinary risk" inherit in dancing.

The majority concludes that had the appellant pled that the appellee was "reckless" rather than merely "negligent," a jury question would exist. Civ.R. 8(A) states, in pertinent part:

"Claims for Relief. A pleading that sets forth a claim for relief * * * shall contain (1) a short and plain statement of the claims showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled."

Civ.R. 8(F) reads:

"Construction of Pleadings. All pleadings shall be so construed as to do substantial justice."

Unlike the common law rule that pleadings were to be most strongly construed against the pleader, the Staff Notes to the rule suggest that pleadings are to be construed liberally. See, also, *MacDonald v. Bernard* (1982), 1 Ohio St.3d 85, 1 OBR 122, 438 N.E.2d 410.

Though the appellant fails to aver in her complaint that the appellee was "reckless," paragraph Nos. 4, 6, 8 and 14 allege facts sufficient to support a finding of recklessness. A pleading which contains direct allegations on every material point necessary to sustain the recovery on *any* legal theory, even though it may not be the theory suggested or intended by the pleader, is sufficient. *Fancher v. Fancher* (1982), 8 Ohio App.3d 79, 8 OBR 111, 455 N.E.2d 1344.

Civ.R. 8(A) and (E) require that sufficient operative facts be concisely set forth in a claim so as to give fair notice of the nature of the action and permit as many claims for relief, legal or equitable, as a party may be entitled to under the operative facts. *DeVore v. Mut. of Omaha Ins. Co.* (1972), 32 Ohio App.2d 36, 61 O.O.2d 21, 288 N.E.2d 202.

Applying the above-cited principles to the case *sub judice,* I conclude that the appellant did give appellee adequate fair notice of the nature of the action. Accordingly, I would reverse the trial court's decision granting appellee summary judgment and remand the matter for trial.