OPINION
Appellant Arlene Graham appeals a summary judgment of the Richland County Common Pleas Court dismissing her complaint against appellee Ohio Ski Slopes, Inc., dba Snow Trails Ski Resort:
ASSIGNMENTS OF ERROR:
 I. THE TRIAL COURT ERRED BY GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT BY HOLDING THAT PLAINTIFF-APPELLANT WAS A SKIER AND BY STATUTE EXPRESSLY ASSUMED THE RISK OF INJURY.
 II. THE TRIAL COURT ERRED BY GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT BY HOLDING THAT THE OFF RAMP TO PASSENGER TRAMWAY WAS A SKI SLOPE AND NOT PART OF PASSENGER TRAMWAY FOR PURPOSES OF IMPOSING DUTIES OF SKI AREA OPERATOR UNDER R.C. 4169.07(A) AND RISK ASSUMED BY SKIER UNDER R.C. 4169.08(A).
 III. THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO FIND THAT PLAINTIFF-APPELLANT HAD A CAUSE OF ACTION FOR WANTON MISCONDUCT BY DEFENDANT-APPELLEE AND BY GRANTING SUMMARY JUDGMENT AGAINST PLAINTIFF-APPELLANT.
On February 4, 1993, appellant, who describes herself as an advanced-intermediate skier, traveled with her friend, Linda Ebey, to Snow Trails Ski Resort. At Snow Trails, appellant and Ebey skied approximately twenty-five runs down various slopes.
At approximately 7:00 P.M., as darkness began to fall, appellant and Ebey decided that they would ski one more slope before returning to the lodge to have something to eat. They embarked on the Mount Mansfield triple chair lift with a young man. Appellant sat in the middle of the chair, Ebey on the left side of the chair, and the young man on the right side of the chair. Three young snowboarders were riding the chair in front of appellant and Ebey, and disembarked down the unloading ramp without incident.
Prior to boarding, appellant and Ebey planned to ski to the right of the lift after they unloaded. They decided to not ski directly down the unloading ramp in the normal manner because of the belief that the young snowboarders were congregating near the bottom. However, after talking with the young man on the lift and learning that he planned to ski to the left, appellant and Ebey decided also to ski to the left after unloading.
Appellant and Ebey disembarked from the lift and were skiing off the unloading ramp. They fell while skiing down the ramp. Appellant and Ebey claimed that they skied into a trench approximately two feet wide, six feet long, and twelve to eighteen inches deep. Appellant and Ebey both fell upon encountering the trench, and appellant was injured.
Appellant brought the instant action against appellee, seeking damages for her injuries. Appellee moved for summary judgment on the basis that appellant assumed the risk from which she was injured pursuant to R.C. 4169.08(A). The Richland County Common Pleas Court granted the motion for summary judgment, dismissing appellant's complaint.
 I. II.
We address the first two Assignments of Error together, as they are inter-related. In the first Assignment of Error, appellant argues that the court erred in finding that she was a skier rather than a passenger, and therefore, expressly assumed the risk of injury. In the second Assignment of Error, appellant claims that the court erred in finding that the off ramp was not a part of the passenger tramway, but rather was a ski slope.
If reasonable minds could conclude that appellant was a passenger at the time of injury, and that the ramp on which she was injured was a part of the passenger tramway, then the court erred in concluding on summary judgment that she assumed the risk pursuant to statute. In contrast, if the court correctly determined that she was a skier at the time of the accident, and was injured on a part of the ski slope, then the court did not err in concluding that she assumed the risk.
R.C. 4169.01(A) defines skier:
 "Skier" means any person who is wearing skis or any person who for the purpose of skiing is on a ski slope or ski trail that is located at a ski area.
Passenger is defined by R.C. 4169.01(B):
"Passenger" means any person who is:
 (1) Being transported or conveyed by a passenger tramway;
 (2) Waiting in the immediate vicinity of a passenger tramway for transportation or conveyance;
 (3) Moving from the disembarkation point of a passenger tramway in order to clear the way for subsequent passengers; or
 (4) In the act of embarking upon or disembarking from a passenger tramway.
The statute does not make "skier" and "passenger" mutually exclusive. Therefore, pursuant to the statute, a person can be both a skier and a passenger at the same time. It is undisputed that appellant was wearing skis at the time she was injured, and therefore, was a skier as defined in R.C. 4169.01(A).
According to the deposition testimony of Linda Ebey, she and appellant had skied about two feet down the ramp before encountering the trench, and about three seconds elapsed from the time they disembarked from the ski lift until the time of the fall. Ebey Depo., page 49. Therefore, appellant and Ebey were passengers within the meaning of R.C. 4169.01(B)(3), as they were moving from the disembarkation point to allow other skiers behind them to clear the area.
A skier expressly assumes the risk of legal responsibility for any damages resulting from skiing, including losses or damages caused by variations in terrain. R.C. 4169.08(A). The court found that the trench encountered by appellant was a variation in terrain, and therefore, she had expressly assumed the risk pursuant to this statute.
However, a ski area operator is responsible for the construction, maintenance, and operation of any passenger tramway in his ski area. R.C. 4169.07(A). Passenger tramway is defined:
 "Passenger tramway" means a device used to transport passengers uphill on skies, or in cars on tracks or suspended in the air, by the use of steel cables, chains, or belts or by ropes, and that is usually supported by trestles or towers with one or more spans. . . .
R.C. 4169.01(F).
The trial court concluded that appellant was not injured on the passenger tramway, as the tramway includes only the ski lift equipment itself.
There was evidence that appellant and Ebey were still on the ramp when they encountered the trench. They had not cleared the ramp and turned to start down the slope. There was evidence that they had to encounter the trench in order to clear the area. There is no evidence to establish whether the ramp is man-made, or a natural incline. Therefore, there are disputed facts from which reasonable minds could conclude that the injury occurred on a ramp which was a part of the passenger tramway constructed for the transport of passengers. Accordingly, reasonable minds could conclude that appellee had violated its responsibility pursuant to R.C. 4169.07(A) to maintain the passenger tramway in its ski area.
The risk a skier assumes in difference in terrain is different in nature when occurring on a ramp than when occurring on a part of the ski slope. Pursuant to R.C. 4169.08(C)(1), a skier has the responsibility to know the range of his ability to negotiate any slope or trail. Therefore, it logically follows that the skier assumes the risk of damage from variations and terrain, snow or ice conditions, bare spots, rocks, trees, stumps, and other forms of forest growth or debris. R.C. 4169.08(A). A skier who has assumed the responsibility to know his ability and to ski within that ability, should be able to negotiate such variations on the ski slope, or assume the risk of any damages caused by his failure to negotiate such hazards on the slopes. However, where the variation in terrain occurs on a ramp, approximately two feet from the disembarkation point, and the skier must encounter the trouble spot in order to successfully disembark, it logically follows that the maintenance of such ramp is part of the ski operator's responsibility for the maintenance of his passenger tramway.
The first and second Assignments of Error are sustained.
 III.
Appellant argues that the court erred in dismissing her claim for negligence, as reasonable minds could conclude that appellee engaged in wanton and willful misconduct.
To the extent that Shaheen vs. Boston Mills Ski Resort, Inc.
(1992), 85 Ohio App.3d 285, held that the Ski Act did not abrogate the common law duty of premises owners to business invitees, we disagree with the reasoning of that case. The Ohio Ski Act specifically sets out the respective duties of a skier and a ski operator, and sets forth a doctrine of assumption of the risk with regard to the natural hazards of the sport of skiing. If the common law doctrine of negligence applied, in addition to and separate from the duties and responsibilities set out in the statute, the doctrine of assumption of the risk as set out in R.C.4169.08 would be rendered a nullity. The Act was clearly intended to spell out the situations under which the ski operator is liable for damages to a skier or passenger.
Appellant argues that even if she assumed the risk in the instant case, appellee is still liable for wanton or willful misconduct. Where the complaint does not allege that the defendant acted with willful or wanton disregard for the plaintiff's safety, such allegations cannot later be raised.Broome vs. Ohio Ski Slopes, Inc. (1995), 108 Ohio App.3d 86, 89. Appellant's complaint does not allege wanton or willful misconduct, but alleges negligence in violating the duties set out in R.C. 4169.
The third Assignment of Error is overruled.
The summary judgment of the Richland County Common Pleas Court is affirmed as to appellant's claim for wanton or willful misconduct. The summary judgment is reversed as to appellant's claim that appellee violated the responsibility of a ski area operator owed to a tramway passenger pursuant to R.C. 4169.07. This cause is remanded to the Richland County Common Pleas Court for further proceedings according to law.
By: Reader, J., Hoffman, P. J. and Wise, J. concur.
 JUDGMENT ENTRY
CASE NO. 97-CA-51
For the reasons stated in the Memorandum-Opinion on file, the summary judgment of the Richland County Common Pleas Court is affirmed as to appellant's claim for wanton or willful misconduct. The summary judgment is reversed as to appellant's claim that appellee violated the responsibility of a ski area operator owed to a tramway passenger pursuant to R.C. 4169.07. This cause is remanded to the Richland County Common Pleas Court for further proceedings according to law. Costs are to be split equally between appellant and appellee.