OPINION
{¶ 1} Appellant, Wilbur H. Coblentz, appeals from the February 5, 2004 judgment entry of the Trumbull County Court of Common Pleas, granting appellee's, Ronald N. Peters's, motion for summary judgment.
 {¶ 2} On May 19, 2003, appellant and his wife, Geralyn Coblentz ("Geralyn"), filed a complaint against appellee, alleging that appellee negligently and recklessly operated a golf cart which struck appellant causing personal injuries. Appellee filed an answer on June 2, 2003.
 {¶ 3} On October 28, 2003, appellee filed a motion for summary judgment pursuant to Civ.R. 56. Appellant and Geralyn filed a brief in opposition to appellee's motion for summary judgment on November 14, 2003. On December 1, 2003, appellee filed a reply memorandum in support of his motion for summary judgment.
 {¶ 4} A hearing was held on January 16, 2004.
 {¶ 5} Appellant and appellee met to play golf on September 9, 2001, at Avalon South Golf Course in Warren, Ohio. According to appellant's deposition, appellant, appellee, and Justin Doran ("Doran") played together as a threesome. Appellant stated that he and appellee shared a motorized golf cart, and Doran had his own. Appellant indicated that on the thirteenth hole, he parked the golf cart between his ball and appellee's ball, leaving approximately ten to fifteen yards for each to walk to their respective shots. After appellee made his shot, appellant said that he then hit his ball and while holding a post-shot position, he was run into by the golf cart.
 {¶ 6} According to appellee's deposition, he leaned out of the right side (i.e., the passenger side) of the golf cart to watch appellant's shot and the golf cart began to move toward appellant. Appellee stated that he tried to hit the brake pedal with his left foot, but was unsuccessful. Appellee explained that he slid over the seat and grabbed the steering wheel as the golf cart struck and knocked over appellant. Appellee stressed that he did not know what caused the golf cart to move forward and did not intentionally try to strike appellant.
 {¶ 7} Appellant further indicated in is deposition that he was trapped underneath the golf cart and was dragged a short distance up the fairway. Appellant said that Doran pushed the golf cart off of him from the front while appellee backed it up. Appellant testified that he has been playing golf once or twice a week for the last twenty years and has used motorized golf carts about two-thirds of the times.
 {¶ 8} Anthony Joy, Jr. ("Joy"), President of Avalon South Management, Inc. and Director of Avalon South Golf Course, stated in his affidavit that motorized golf carts have been a normal part of the operation of the golf course since the mid 1960s.
 {¶ 9} George Bellino ("Bellino"), the golf professional at Tippecanoe Country Club in Canfield, Ohio, indicated in his affidavit that it is his professional opinion that being struck by a golf cart in the recreational sport of golf is not a foreseeable and customary part or risk of that activity.
 {¶ 10} Pursuant to its February 5, 2004 judgment entry, the trial court granted appellee's motion for summary judgment. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignment of error:
 {¶ 11} "The trial court erred when it granted summary judgment in appellee's favor, as there were genuine issues of material fact which warranted presentation of the case to a jury."
 {¶ 12} In his sole assignment of error, appellant argues that the trial court erred by granting summary judgment in appellee's favor since there were genuine issues of material fact. Appellant stresses that whether being struck by a golf cart while playing golf is an ordinary risk of the game, as well as whether appellee was reckless, are factual questions which should be decided by a jury rather than disposed of summarily.
 {¶ 13} In order for a summary judgment to be granted, the moving party must prove:
 {¶ 14} "* * * (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made." Mootispaw v. Eckstein
(1996), 76 Ohio St.3d 383, 385.
 {¶ 15} The Supreme Court stated in Dresher v. Burt (1996),75 Ohio St.3d 280, 296, that:
 {¶ 16} "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifyingthose portions of the record which demonstrate the absence of a genuineissue of fact on a material element of the nonmoving party's claim. The `portions of the record' to which we refer are those evidentiary materials listed in Civ.R. 56(C), such as the pleadings, depositions, answers to interrogatories, etc., that have been filed in the case. * * *" (Emphasis sic.)
 {¶ 17} If the moving party satisfies this burden, then the nonmoving party has the burden pursuant to Civ.R. 56(E) to provide evidence demonstrating a genuine issue of material fact. If the nonmoving party does not satisfy this burden, then summary judgment is appropriate. Civ.R. 56(E). Appellate courts review a trial court's granting of summary judgment de novo. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. The Brown court stated that "we review the judgment independently and without deference to the trial court's determination." Id. An appellate court must evaluate the record "in a light most favorable to the nonmoving party." Link v. Leadworks Corp.
(1992), 79 Ohio App.3d 735, 741. Furthermore, a motion for summary judgment must be overruled if reasonable minds could find for the party opposing the motion. Id.
 {¶ 18} The Supreme Court of Ohio in Marchetti v. Kalish (1990),53 Ohio St.3d 95, syllabus, stated that: "[w]here individuals engage in recreational or sports activities, they assume the ordinary risks of the activity and cannot recover for any injury unless it can be shown that the other participant's actions were either `reckless' or `intentional' as defined in Sections 500 and 8A of the Restatement of Torts 2d." "A player who injures another player in the course of a sporting event by conduct that is a foreseeable, customary part of the sport cannot be held liable for negligence because no duty is owed to protect the victim from that conduct." Thompson v. McNeill (1990), 53 Ohio St.3d 102, paragraph two of the syllabus.
 {¶ 19} In Biggin v. Stark (Aug. 26, 1994), 11th Dist. No. 93-T-4952, 1994 Ohio App. LEXIS 3747, the parties were playing golf together. The appellant was standing on a cart path next to the tee, and the appellee was taking practice swings. Id. at 1. The appellee's golf club slipped out of his hand, flew through the air, and struck appellant in the mouth, causing injury. Id. at 1-2. This court applied a recklessness standard and stated that "since [the] appellee did not intend the initial act of losing control over the club, it is not possible for [the] appellee's activity to be defined as reckless." Id. at 5.
 {¶ 20} We must stress that a golfer assumes the ordinary risks of the game, i.e., being struck by an errant golf ball or club. See McNeill andBiggin, supra. Thus, based on Marchetti, supra, where individuals engage in recreational or sports activities, they assume the ordinary risks of the game, and courts apply a recklessness standard in order to determine liability. In the instant matter, the trial court improperly applied a recklessness rather than a negligence standard.
 {¶ 21} Although many golfers use motorized golf carts, a motorized golf cart, unlike a golf ball or club, is not incidental to the game of golf. As such, because a golf cart is not an actual part of the sport of golf, appellant had no reason to assume that he would be struck and injured by a golf cart since it is not an ordinary risk of the game. The incident at issue does not involve conduct that is a foreseeable, customary part of the sport of golf. Thus, a negligence standard should have been applied.
 {¶ 22} Based on Mootispaw, supra, it was not proper for the trial court to conclude that summary judgment was appropriate.
 {¶ 23} For the foregoing reasons, appellant's sole assignment of error is welltaken. The judgment of the Trumbull County Court of Common Pleas is reversed, and the matter is remanded for further proceedings consistent with this opinion.
Grendell, J., Nader, J., Ret., Eleventh Appellate District, sitting by assignment, concur.