{¶ 22} The majority opinion reverses the decision of the court below and holds that a genuine issue of material fact exists whether defendant-appellee, LaMalfa, negligently "intentionally tackled" plaintiff-appellant, Aquila. Such a decision comports with neither law nor logic. Accordingly, I respectfully dissent.
 {¶ 23} In the present case, Aquila sustained injuries when he and LaMalfa collided during a potato sack race. Aquila sued LaMalfa, arguing in the alternative, that LaMalfa negligently caused his injuries, recklessly caused his injuries, or intentionally caused his injuries. The trial court granted summary judgment in favor of LaMalfa on Aquila's negligence and intentional tort claims. Aquila's claim based on recklessness was tried to a jury which found that LaMalfa had not acted recklessly. The issue before this court on appeal is whether LaMalfa may be held liable to Aquila for simple negligence.
 {¶ 24} It is well-settled that, "[w]here individuals engage in recreational or sports activities, they assume the ordinary risks of the activity and cannot recover for any injury *Page 8 
unless it can be shown that the other participant's actions were either `reckless' or `intentional' as defined in Sections 500 and 8A of the Restatement of Torts 2d." Marchetti v. Kalish (1990),53 Ohio St.3d 95, at syllabus; Thompson v. McNeill (1990),53 Ohio St.3d 102, at paragraph one of the syllabus ("Between participants in a sporting event, only injuries caused by intentional conduct, or in some instances reckless misconduct, may give rise to a cause of action. There is no liability for injuries caused by negligent conduct."); see also, Gentry v.Craycraft, 101 Ohio St.3d 141, 2004-Ohio-379, at syllabus (explaining Marchetti and Thompson, "recovery is dependent upon whether the defendant's conduct was either reckless or intentional").
 {¶ 25} The majority characterizes LaMalfa's conduct asintentional with respect to the tackling (act), butnegligent with respect to the injury (intent). Such conduct on LaMalfa's part, however, would be reckless, not negligent.Thompson, 53 Ohio St.3d. at 105 ("[w]hile an act to be reckless must be intended by the actor, the actor does not intend to cause the harm which results from it") (citation omitted). However, it has already been determined by a jury that LaMalfa's conduct was not reckless. The Ohio Supreme Court has repeatedly made clear that participants in a recreational activity "assume the ordinary risks of the activity and cannot recover for any injury unless it can be shown that the other participant's actions were either `reckless' or `intentional'." Marchetti,53 Ohio St.3d 95, at syllabus.
 {¶ 26} The majority avoids this difficulty by construing LaMalfa's conduct as being outside the "ordinary risks" of potato sack racing.[1] However, the jury, as *Page 9 
instructed by the trial court in Aquila's recklessness claim, determined that LaMalfa's conduct was part of the foreseeable, customary part of potato sack racing. The court instructed the jury, in relevant part, as follows: "conduct that is a foreseeable, customary part of the recreation of sports activity is not reckless." Thus, the issue of whether LaMalfa's conduct is a foreseeable part of sack racing has been determined and that decision by the jury is res judicata. The majority's ruling gives Aquila a second opportunity to try his case.
 {¶ 27} The majority concedes that collisions between participants are a foreseeable, customary part of virtually every racing sport. Pressler v. U (1990), 70 Ohio App.3d 204, 206. The majority distinguishes the collision between LaMalfa and Aquila from "incidental collisions" by characterizing the collision as a "blind tackling" done "in a spirit of childlike competition." However, characterizing LaMalfa's conduct in this way does not preserve Aquila's claim sounding in negligence. In the first place, if LaMalfa intentionally tackled Aquila from behind and running at full sprint, as Aquila alleges, then Aquila's theory of recovery is for battery, not negligence. The Ohio Supreme Court has observed that "[n]early any assault and battery can be pled as a claim in negligence." Love v. Port Clinton (1988),37 Ohio St.3d 98, 99. Intentionally tortious conduct may not be used as a pretext for advancing a negligence claim that would otherwise be barred.
 {¶ 28} In the second place, the majority's position essentially imposes tort liability whenever a participant in a sport or recreational activity violates the rules of that activity. There is no per se liability for cheating. This point is demonstrated by the facts of the Marchetti decision. In that case, the parties were engaged in a variation of the game of *Page 10 
"kick the can." The defendant, who had been called "it," continued to run at the plaintiff who was standing on "base," in this case, a ball. Although he was supposed to stop, the defendant collided with the plaintiff and kicked the ball out from under her "in frustration," which caused her to fall. 53 Ohio St.3d at 95, 100 n. 4. The court did not find the defendant's action to be outside the foreseeable and customary part of the activity, or that such action was reckless or intentional even though that conduct went beyond the rules of the game. Id. at 100.
 {¶ 29} When it is alleged that a participant has violated the rules of a sport or an activity, the claims must be evaluated under the law as it stands. The merely negligent disregard of the rules is barred under Marchetti and Thompson. If the conduct creates an unreasonable risk of harm or creates a risk of harm that is substantially greater than the risk created by negligence, that is, if the violation of the rule is reckless, then there may be recovery under Marchetti and Thompson.Marchetti, 53 Ohio St.3d at 96 n. 2, quoting 2 Restatement of the Law 2d, Torts (1965) 587, Section 500.[2] If the conduct is so egregious as to fall outside the foreseeable, customary risks of a given activity, then the plaintiff's recovery is for battery or some other intentional tort. Thompson, 53 Ohio St.3d at 104 ("[t]he conduct of an athlete who intentionally injures another athlete in a way not authorized or anticipated by the customs and rules of the game violates the duty not to commit an intentional tort"). *Page 11 
 {¶ 30} Finally, the majority relies on this court's decision in Coblentz v. Peters, 11th Dist. No. 2004-T-0017, 2005-Ohio-1102, as "binding precedent" determinative of this appeal. In Coblentz, this court held that, where a golfer strikes another golfer while operating a golf cart, the golfer operating the cart is liable under a negligence standard since "a golf cart is not an actual part of the sport of golf." Id. at ¶ 21. The majority construes Coblentz as "refining" the analysis set forth by the Ohio Supreme Court "to include an `actual part of the game test'." Coblentz did not refine the law of Marchetti and its progeny. In the same paragraph of the decision, the court correctly states the law underMarchetti, observing that "[t]he incident at issue does not involve conduct that is a foreseeable, customary part of the sport of golf." Id.
 {¶ 31} An "actual part of the game test" narrows the broad immunity for negligent conduct in the context of recreational activities established by the Ohio Supreme Court. It would impose negligence liability for any infraction of the rules. Moreover, it is impossible to apply such a test in situations such as potato sack racing, with no official or definitive set of rules.
 {¶ 32} For the foregoing reasons, the judgment of the trial court should be affirmed.
[1] The majority makes several statements regarding what is and what is not customary in the sport of potato sack racing without citing to appropriate authority or evidence in the record. It is also unclear on what basis the majority characterizes LaMalfa's conduct as "well-meaning." It is clear, nonetheless, that the Ohio Supreme Court did not intend to impose liability for the "roughhousing" at issue herein.
[2] In the present case, Aquila did not plead a claim for battery. Count One of Aquila's complaint was for negligence. Count Two was for "reckless and/or willful and/or wanton and/or malicious and/or intentional acts." When the trial court granted summary judgment on Aquila's cause of action for "intentional conduct," it did so on the grounds that Aquila raised "no issue of material fact that LaMalfaintended to cause the injuries sustained." Cf. Love,37 Ohio St.3d at 99 ("[a] person is subject to liability for battery when he acts intending to cause a harmful or offensive contact"). Aquila's theory that LaMalfa intentionally tackled him was properly tried and resolved under the recklessness claim.