{¶ 57} This matter appears before us on summary judgment. Summary judgment is a disfavored procedure, since it militates against one of our most precious rights — that of trial by a jury of our peers. Cf.Aquila v. LaMalfa, 11th Dist. No. 2005-L-148, 2007-Ohio-689, at ¶ 8. It should not be granted when a party presents some evidence, appropriate under Civ.R. 56(C) and (E), going to each element of a claim.
 {¶ 58} I believe Ms. Hammercheck presented sufficient Civ.R. 56 evidence to require a jury's determination of her claim of disability discrimination.
 {¶ 59} "In order to establish a prima facie case of handicap discrimination, the person seeking relief must demonstrate (1) that he or she was handicapped, (2) that an adverse employment action was taken by an employer, at least in part, because the individual was handicapped, and (3) that the person, though handicapped, can safely and substantially perform the essential functions of the job in question."Hood, supra, at paragraph one of the syllabus.
 {¶ 60} Ms. Hammercheck is required to lie down to conquer the nausea and burning consequent to her illness and its treatment. Obviously, this may limit her ability to work, which is a "major life activity" under the law. Cf. Fitzmaurice at ¶ 12-16. Thus, for summary judgment purposes, Ms. Hammercheck presented sufficient evidence she *Page 15 
is disabled, meeting the first prong of the disability discrimination test. I respectfully think that for this court to hold otherwise, in reviewing a grant of summary judgment, flies in the face of reality.
 {¶ 61} Similarly, I think the evidence she presented that her fellow employees and management urged her to recover and return soon is sufficient to establish a genuine issue of material fact regarding whether First Place took adverse employment action against her due to her disability, fulfilling the second prong of the requisite test. Finally, there is sufficient evidence in the record that Ms. Hammercheck could continue to function as a secretary, meeting the third prong of the test.
 {¶ 62} The balance of evidence presented to the trial court may very well indicate Ms. Hammercheck would fail, ultimately, in carrying her burden of proof in this action, particularly regarding the second prong of the disability discrimination test. But these were summary judgment proceedings, where evidence should not be balanced at all. That is the province of the jury.
 {¶ 63} I respectfully dissent. *Page 1