{¶ 27} I respectfully dissent.
 {¶ 28} The majority contends that the trial court did not err in granting appellee's motion for summary judgment. I disagree.
 {¶ 29} The Supreme Court of Ohio in Marchetti, syllabus, stated: "[w]here individuals engage in recreational or sports activities, they assume the ordinary risks of the activity and cannot recover for any injury unless it can be shown that the other participant's actions were either `reckless' or `intentional' as defined in Sections 500 and 8A of the Restatement of Torts 2d."
 {¶ 30} The definition of an ATV or "all-purpose vehicle" is found in R.C. 4519.01(B), which provides: "`All-purpose vehicle' means any self-propelled vehicle designed primarily for cross-country travel on land and water, or on more than one type of terrain, and steered by wheels or caterpillar treads, or any combination thereof, including vehicles that operate on a cushion of air, vehicles commonly known as all-terrain vehicles, all-season vehicles, mini-bikes, and trail bikes. `All-purpose vehicle' does not include a utility vehicle as defined in section 4501.01 of the Revised Code or any vehicle principally used in playing golf, any motor vehicle or aircraft required to be registered under Chapter 4503. or 4561. of the Revised Code, and any vehicle excepted from definition as a motor vehicle by division (B) of section 4501.01 of the Revised Code." *Page 8 
 {¶ 31} R.C. 4501.01(VV) provides the following definition of a utility vehicle: "`Utility vehicle' means a self-propelled vehicle designed with a bed, principally for the purpose of transporting material or cargo in connection with construction, agricultural, forestry, grounds maintenance, lawn and garden, materials handling, or similar activities. * * *"
 {¶ 32} In the case at bar, the parties disagree on the characterization of the Yamaha Rhino. This writer believes that the Yamaha Rhino is not a recognized recreational vehicle. Rather, it is a utility vehicle, a small work (i.e. agricultural) truck. The Yamaha Rhino has a bed for transporting material or cargo which does not qualify it as an ATV.
 {¶ 33} The court in Marchetti did not define "recreational" or "sports" activity. However, R.C. 1533.18(B), the recreational user statute, provides:
 {¶ 34} "`Recreational user' means a person to whom permission has been granted, without the payment of a fee or consideration to the owner, lessee, or occupant of premises, other than a fee or consideration paid to the state or any agency of the state, or a lease payment or fee paid to the owner of privately owned lands, to enter upon premises to hunt, fish, trap, camp, hike, or swim, or to operate a snowmobile, all-purpose vehicle, or four-wheel drive motor vehicle, or to engage in other recreational pursuits."
 {¶ 35} An activity may qualify as a "recreational activity" regardless of whether the participants are adults or children or whether the activity is supervised or unsupervised. Gentry, supra, at ¶ 8. A number of activities have qualified as "recreational activities." See id. at ¶ 14 (performing recreational activity analysis where *Page 9 
minor child hit another in the eye with a nail while hammering the nail into a chair); Marchetti, supra, at 100-101 (performing recreational activity analysis where children were playing modified game of "kick the can"); Schuster v. Gereke (Oct. 1, 1997), 9th Dist. No. 96CA006625, 1997 Ohio App. LEXIS 4432, at 1-2, 4-6 (performing recreational activity analysis where one minor child struck another in the eye with a BB gun during a "war" game). The determination that an activity is a "recreational activity" does not depend upon the existence of well-defined or verbalized rules. See Gentry, supra, at ¶ 7-8. The existence of rules clearly helps a court to determine whether or not an activity constitutes a "recreational activity," but their absence is not fatal.
 {¶ 36} Here, appellant and appellee disagree as to what happened. Appellant testified that appellee was doing a brodie or a "donut," which caused him to fall out of the Yamaha Rhino. Appellee, on the other hand, indicated that the wheel slipped on a root/rock. Clearly, this is a material, disputed fact regarding whether they were involved in a sport, see Coblentz v. Peters, 11th Dist. No. 2004-T-0017, 2005-Ohio-1102, at ¶ 21 (holding that a motorized golf cart, unlike a golf ball or club, is not incidental to the game of golf), and Aquila v. LaMalfa, 11th Dist. No. 2005-L-148, 2007-Ohio-689, at ¶ 16 (holding that tackling is not an actual part of the game of sack racing), or were merely taking a ride. Riding on the Yamaha Rhino on private property is not in and of itself a recreational activity. The vehicle is designed for this purpose. Because this is summary judgment and a material issue of fact exists, this matter must be decided by a jury.
 {¶ 37} I believe the trial court erred in granting appellee's motion for summary judgment. *Page 10 
 {¶ 38} For the foregoing reasons, I would reverse the judgment of the trial court and remand the matter for a jury trial. *Page 1